## ATLANTIC COAST LINE RAILROAD CO. *v.* JONES.

1. It not appearing from the transcript of the record what was the nature of the suit in the city court, or whether it was based on the statute or the common law, or what was alleged, or what the answer admitted or denied, or what were the issues between the parties, this court can not hold that the judgment of the judge sitting without a jury, based on such issues, was contrary to law and the evidence, and without evidence to support it.

2. A mere general statement in the petition for certiorari, "the case being a suit for damages against the last carrier, for damages to freight," does not serve to show what were the issues passed on.

3. The answer of the city court judge to the writ of certiorari having stated that copies of the proceedings were attached, this court, by order, directed the clerk of the superior court to transmit a copy of any proceedings so attached; but he having certified that none were in fact attached, or in the record in his office, the Supreme Court can act only on the record before it.

Submitted July 18, 1906.—Decided February 14, 1907.

Certiorari. Before Judge Spence. Worth superior court. November 1, 1905.

*T. R. Perry, J. H. Tipton,* for plaintiff in error.

*Passmore & Hay,* contra.

LUMPKIN, J. 1. A writ of certiorari to a judgment against a railroad company, rendered in the city court of Sylvester, was sued out. The petition for certiorari contained neither any copy of the original petition in the suit, nor the answer thereto, nor any abstract or abbreviation thereof, nor any description or statement as to the pleadings or issues. The sole reference to the character of the action was, "the case being a suit for damages against the last carrier, for damages to freight." Whether it was a suit under the statute declaring liable the last of a connecting line of railroads receiving freight as in good order, or was based on the common-law liability of a common carrier, or what was alleged, even in substance, does not appear. Nor is it anywhere stated what was the plea or answer, or what were the issues made for trial. Evidence introduced is set out, and exception is taken to the judgment against the railroad company. The answer to the certiorari adopts the petition, except that it states that the petition does not set forth a certain receipt given by the initial carrier, and adds: "said receipt and copies of the proceedings are hereto attached and made a part of this answer." The receipt was attached

to the answer as sent to this court, but no copy of the proceedings. In the absence of anything to show what were the issues between the parties, this court can not determine whether the judgment based on them was erroneous or not, or that the judge of the superior court erred in overruling the certiorari. We do not know what was admitted or what was denied by the defendant; and the evidence alone is not enough to show this.

2. The point above ruled having been raised in the brief of counsel for defendant in error, on application of counsel for plaintiff in error an order was passed directing the clerk to send to this court a certified copy of the proceedings attached to the answer of the judge of the city court to the writ of certiorari. In response thereto the clerk has certified that there are no such copies of proceedings attached to the answer on file in his office. This court can not have corrected or completed the record in the superior court, and must deal with the case as it appears here.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*