SILVERMAN *v.* ALDAY.

No. 15452.   MAY 10, 1946.

712

*A. J. Whitehurst* and *C. E. Hay,* for plaintiff in error.

*Alexander & Vann* and *George R. Lilly,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ▮ "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385); *Hughes* v. *Purcell,* 198 *Ga.* 666 (32 S. E. 2d, 392); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d, 811).

The bill of exceptions recites that the defendant's demurrer came on for hearing, "whereupon the plaintiff offered an amendment to his petition, which was allowed and filed, and the defendant thereupon renewed his said demurrer to the plaintiff's petition as amended;" and the exceptions pendente lite recite that the "court then and there entered upon said demurrer a judgment and order overruling the same, to which said judgment the defendant" excepted. The transcript of the record as originally brought to this court did not contain either a renewal of the demurrer to the petition as amended, or any judgment overruling the demurrer. Pursuant to directions by this court to the clerk of the trial court, under the provisions of the Code, § 6-810 (4) (see *Northwest Atlanta Bank* v. *Zec,* 196 *Ga.* 114 (2), 26 S. E. 2d, 183), to certify and send to this court copies of such proceedings, if any, or if none, to certify to that fact, the clerk certified to this court that in fact no such proceedings are of record in the trial court. "When there is a conflict between the recitals in a bill of exceptions and the record, the record must prevail." *Crews* v. *Ransom,* 183 *Ga.* 179 (3) (188 S. E. 1). By analogy, the same rule would apply when there is a conflict between the recitals in exceptions pendente lite and the record. *Johnson* v. *Sherrer,* 197 *Ga.* 392, 398 (4) (29 S. E. 2d, 581). This court can act only on the record before it (*Atlantic Coast Line R. Co.* v. *Jones,* 127 *Ga.* 447 (3),

56 S. E. 761) ; and the record here showing that no copies of the proceedings above mentioned are of file in the trial court, and being at variance with the recitals in the bill of exceptions, such record must prevail, and consequently no question for decision is presented by the assignment of errors in the bill of exceptions in respect to the judgment overruling the defendant's demurrer.

■ "In a suit by the purchaser for specific performance of a contract for the sale of land, it should be made to appear that, before institution of the action, the plaintiff had paid or tendered the purchase-money according to the contract, or that such had been waived by the defendant." *Roberts* v. *Mayer,* 191 *Ga.* 588 (13 S. E. 2d, 382).

The description of the land as contained in the option contract was not too vague, indefinite, and uncertain to form the basis of a decree for specific performance. *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530) ; *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (3) (92 S. E. 636) ; *Lewis* v. *Trimble,* 151 *Ga.* 97 (2) (106 S. E. 101) ; *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374).

"All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301.

"Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause. Any amendment whatever which, if allowed, would leave the cause of action incomplete should be rejected." *Ellison* v. *Ga. R. & Bkg. Co.,* 87 *Ga.* 691 (6) (13 S. E. 809).

Applying the above principles of law to the pleadings under

review, the trial court did not err in allowing the amendment over the objections: (a) the original petition did not allege any tender, as required by law, in that the only tender was coupled with a demand for a deed, and did not appear to be continuing; (b) the petitioner had not paid into the registry of the court the sum alleged to have been tendered, in order to make the same a continuing tender; (c) if the amendment should be allowed, the amended petition would become a suit to recover land other than that described in the option contract declared upon.

█ One special ground of the motion for new trial complains of the charge: "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the nonperformance."

The criticism is that, even though the above charge states a correct abstract principle of law, the charge was erroneous and hurtful because: (a) it had no application to the case, since no question was presented by either the pleadings or the evidence involving damages for nonperformance of a contract; (b) it tended to mislead the jury and cause them to believe that it was mandatory for them either to find a verdict for damages, or for specific performance; (c) in the event the jury could not find adequate compensation in damages, they were instructed to find in favor of specific performance; (d) it precluded a finding in favor of the defendant.

The above criticism is without merit. Before giving the charge complained of, which was in the identical language of the Code, § 37-801, the court instructed the jury that they would have the pleadings out with them, and that they could refer to the pleadings for a more complete statement of the case. Immediately following the instruction excepted to, the court charged on what would constitute a tender, and then said: "If you should find that the plaintiff, . . has performed his part of this contract as required and as he contends, then he would be entitled to recover. . . If he has not complied with the contract as required, and if that is not shown by a preponderance of the evidence, then, under the law as I have given you in charge, he would not be entitled to recover in the case."

There was an issue in the case that was covered by the above Code section, to wit, the petitioner had alleged that the defendant

was the owner of the property in controversy, and evidence was submitted on this issue. It was therefore proper for the court to charge the language of the Code section on the question as to whether or not it was "within the power of the defendant to perform the contract." Since no evidence had been submitted on the question of damages, and no issue had been raised by the pleadings as to whether or not damages were adequate, or, if adequate, what the damages would have been, the jury could not have been confused by that part of the section which dealt with damages.

■ Another special ground complains of the verdict: "We, the jury, find for the plaintiff, and that, upon payment by the plaintiff of $3500 into the registry of this court . . for the use of the defendant, . . said defendant make to the plaintiff a good and sufficient title to the premises described in exhibit 'A' of plaintiff's petition."

The criticism is that the verdict is contrary to law and particularly to the Code, § 37-1202, because: (a) such a verdict could not be the basis of a decree for specific performance which could operate as a deed to convey land without a conveyance being executed by the vendor; (b) such a verdict was too vague and indefinite, in requiring the defendant to make "a good and sufficient title to the premises described in exhibit 'A' of plaintiff's petition," and could not be the basis for a decree, for the reason that it was not proved by the evidence that the defendant could convey a good and sufficient title to the property described in plaintiff's exhibit "A."

The Code, § 37-1202, declares: "A decree for specific performance shall operate as a deed to convey land or other property without any conveyance being executed by the vendor. Such decree, certified by the clerk, shall be recorded in the registry of deeds in the county where the land lies, and shall stand in the place of a deed."

In view of the agreement between counsel that the jury might report their findings into court, and that counsel would put the verdict in legal form, the verdict finding in favor of the petitioner was a sufficient compliance therewith, leaving the court to mould the decree in accordance with such finding for the petitioner. The verdict was not, under the evidence, contrary to law or violative

of the Code, § 37-1202, in particular, as contended by the plaintiff in error.

On the trial the petitioner introduced in evidence: the option contract referred to in the petition; a deed to secure debt executed to the defendant's father, conveying the property described in the petition by metes and bounds; and a foreclosure deed to the same property described in the security deed executed to the defendant's father. E. P. McCollum testified in part: That the defendant's father died intestate, and the defendant was his sole heir. At the time the option contract was executed the property was worth from $3500 to $4000. On the last day on which the option could be exercised the witness and the petitioner called upon the defendant, and the petitioner stated to the defendant that he had a prepared deed for signature, which he exhibited, and tendered him $3500 in United States currency as the purchase-price of the property under the option contract; but the defendant refused to accept the tender or to sign the deed, and did not offer any other deed.

While it appears from the evidence that the petitioner, at the time he offered the $3500 to the defendant, also stated that he had prepared a deed, which he handed to the defendant, and while there is considerable evidence relating to the tender, such evidence is sufficient to show that the tender was not based upon a condition that a deed be executed. Accordingly, the evidence showed an unconditional tender as required by law.

The verdict was authorized by the evidence, and the court did not err in overruling the general grounds of the motion for new trial. *Judgment affirmed. All the Justices concur.*