### 23067. BANKS et al. v. HARDEN.

Argued September 13, 1965—Decided November 4, 1965.

*Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiffs in error.

*Davis & Davidson, Jack S. Davidson, Kimzey & Kimzey, Herbert B. Kimzey, John A. Darsey,* contra.

Cook, Justice. 1. The bill of exceptions recites that the defendants renewed their demurrers to the petition as amended, and that the demurrers were overruled. Error is assigned on this ruling. The record contains no order overruling the renewed demurrers of the defendants, and the clerk of the superior court certifies that no such order is on file in his office. Accordingly no question is presented for decision by this court as to the alleged ruling on demurrer. *Silverman v. Alday,* 200 Ga. 711 (38 SE2d 419).

2. Ga. L. 1960, pp. 858, 859 (*Code Ann.* § 29-428) provides in part: "Options to purchase land or any interest in land shall, when executed with the formality now prescribed for the execution of deeds to land, . . . be admissible to record in the county in which the property therein described is located. Such

record shall, from the date of filing, be notice of the interest and rights of the parties to such option to purchase in and with respect to the property therein described. . ." It is admitted in the answers of the defendants that the option contract between Banks and Harden was recorded prior to the date of the deed from Banks to Mose Gordon Lumber Company, Inc. Under the statute cited (*Code Ann.* § 29-428) this constituted notice to Mose Gordon Lumber Company, Inc., of the contract between Banks and Harden. It is conceded by the defendants that this option was legally sufficient.

It is contended by the defendants that the evidence for the petitioner did not show an unconditional tender of the amount due under the option. The evidence shows that the petitioner's son, Willis Harden, Jr., and Herbert Kimzey, an attorney for the petitioner, went to the home of Banks prior to the expiration date of the option, with the money due under the contract and a deed for him to sign. When they talked with Banks he informed them that he had already made a deed to Mose Gordon Lumber Company, Inc., conveying the property described in the option. "In order to entitle the plaintiff to specific performance of a contract for the purchase of land, the purchaser must make an unconditional tender of the purchase-money due; but tender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused." *Fraser v. Jarrett,* 153 Ga. 441 (3) (112 SE 487); *Miller v. Watson,* 139 Ga. 29 (2) (76 SE 585).

It is also asserted that no unconditional tender of the purchase price was made to Mose Gordon Lumber Company, Inc. The relief sought in the petition against Mose Gordon Lumber Company, Inc., is not specific performance, but cancellation of the deed to it from Banks. See *Black v. Maddox,* 104 Ga. 157, 163 (30 SE 723). The petitioner was not required to make an unconditional tender to the subsequent purchaser against whom cancellation of the deed was sought, since he tendered into the registry of the court the amount due under his option.

3. The defendants insist that the petitioner did not come into a court of equity with clean hands because the evidence shows that at the time Banks executed the option to him he had

notice, through his son, Willis Harden, Jr., who obtained the option for him, that Banks had previously given an option to Mose Gordon Lumber Company, Inc., covering the same property. The purported option to Mose Gordon Lumber Company, Inc., was introduced in evidence. It is dated the same date as the option contract sought to be enforced in the present action. It has an insufficient description of the property, and shows no consideration paid by the optionee. See *Peacock v. Deweese,* 73 Ga. 570. The defendants concede that it is not such an option as could have been enforced by the optionee.

The evidence on the question of notice to the petitioner was as follows: The petitioner testified that he knew nothing of any option held by Mose Gordon Lumber Company, Inc., at the time he obtained his option. Mr. Herbert Kimzey, attorney for the petitioner, testified that when he went to the home of Banks to exercise the petitioner's option, Banks told the attorney that he could not accept the money, that he had previously sold the land to Mose Gordon Lumber Company. The attorney asked Banks if he had told them about the Harden option and "he said that he had, but they got him to make a deed anyway." Banks did not mention any option of Mose Gordon Lumber Company, Inc., at that time.

Banks testified that when Mr. Kimzey came to his home to exercise the Harden option that he told the attorney that he had honored Gordon's previous option and deeded the property to them, and could not deed it to Harden. Banks testified that he dealt with Willis Harden, Jr., son of the petitioner, at the time he executed the petitioner's option, and in this connection testified as follows: "Well, he wanted me to sign his option, and I told him that I had already signed one with Mose Gordon Lumber Company. And he wanted me to go ahead and sign this one anyway, so I told [him?] that if I signed it that I would have to have some type of agreement saying that [if?] Mose Gordon Lumber Company took up their option, that I could return Mr. Harden's money, and they were to back out of the agreement—would nullify the agreement." Willis Harden, Jr., did not testify on the trial.

The collateral agreement introduced in evidence identified by

Banks as the one entered into for the purpose of nullifying the Harden option if Mose Gordon Lumber Company, Inc., exercised its purported option, is signed by Will Harden, Jr., and William D. Banks, and is undated. It provides as follows: "Whereas, Don Banks and W. N. Harden have entered into an option agreement for the conveyance of real estate from Don Banks to W. N. Harden, and Whereas, said W. N. Harden did pay to said Don Banks the good faith money of One Hundred ($100.00) Dollars plus other considerations of Five Hundred ($500.00) Dollars, the receipt and adequacy of same are hereby acknowledged; Now, Therefore, the parties hereto agree that if the said Don Banks fails to convey title to W. N. Harden as covenanted in said option agreement, should said W. N. Harden exercise same, then said Don Banks promises, covenants and agrees to return the considerations listed above to the said W. N. Harden. It is expressly agreed that nothing contained herein shall alter or amend the unequivocal promise of Don Banks to convey title as described in said option agreement to the said W. N. Harden, should the said W. N. Harden exercise his option and tender the full purchase price as agreed to."

The last sentence of this collateral agreement absolutely contradicts the testimony of Banks that the writing was intended to nullify· the legal option of the petitioner, in the event Mose Gordon Lumber Company, Inc., decided to buy the property, since it states that nothing contained in it shall alter or amend the unequivocal promise of Banks to convey title to Harden should Harden exercise his option and tender the purchase price. "Written evidence is considered of higher proof than oral; and in all cases where the parties have reduced their contract, agreement, or stipulation to writing, and assented thereto, it is the best evidence of the same." *Code* § 38-205. The jury was authorized to reject Banks' oral testimony, which was in contradiction of the writing he introduced in evidence, and to find that the petitioner entered into the option in good faith and was entitled to have it enforced in a court of equity.

The trial judge did not err in denying the motion for new trial and motion for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur, except Duck-*

510

*worth, C. J., who dissents, and Mobley, J., not participating for providential cause.*

DUCKWORTH, Chief Justice, dissenting. When Harden, Sr., appointed Harden, Jr., his agent to procure the option from Banks, Harden, Jr., stood squarely in the shoes of Harden, Sr., in that entire transaction, and the Sr. is bound by Jr.'s acts and charged with his knowledge. The testimony of Banks that he told Jr. that he had given Gordon a prior option on the same land is undisputed and, hence, stands as the fact. The writing which provides that if Banks does not convey the land when Harden chooses to exercise the option, he can, in lieu thereof, refund to him all money received, confirms the truth of Banks' testimony. The further sentence in the instrument upon which the majority seize is in harmony with the first. It simply means that the option remains valid and enforceable despite the methods of fulfillment either by the land or refund of the money. It is significant that Jr., who could have contradicted Banks' testimony, if untrue, and the only person who could do so, was not produced by Harden, Sr., as a witness. The result of this judgment is to prevent an honest man, who disclosed all facts and who acted to honor his obligation from doing so for no better reason than to reward Harden for knowingly procuring and causing Banks to breach his contract with Gordon. There are no clean hands on Harden under these undisputed facts, and he is entitled to no relief in equity.

The undisputed, but corroborated, evidence shows that Harden knew of the Gordon option, assented to allow his to be subject thereto, else there can be found no sensible explanation of the separate document he executed which provided for a refund of his money if the land was not conveyed. The motion for judgment notwithstanding the verdict was authorized by the controlling undisputed evidence, and it was error to overrule it.