CITY OF NEW BERN, A NORTH CAROLINA MUNICIPAL CORPORATION v. THE NEW BERN-CRAVEN COUNTY BOARD OF EDUCATION, A BODY CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; THE TRUSTEES OF CRAVEN COMMUNITY COLLEGE, A BODY CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; CRAVEN REGIONAL MEDICAL AUTHORITY, A PUBLIC BODY AND A BODY CORPORATE AND POLITIC WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN THE CITY OF NEW BERN, CRAVEN COUNTY, NORTH CAROLINA; THE COUNTY OF CRAVEN, A BODY POLITIC AND CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; AND LACY H. THORNBURG, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA

No. 157PA89

(Filed 3 April 1991)

**Declaratory Judgment Actions § 7 (NCI4th)— justiciable controversy—change of status by legislation—unavoidable litigation**

There was a justiciable controversy which could be determined by declaratory judgment where the City of New Bern sought to have held unconstitutional three chapters of the 1988 Session Laws which provided that Craven County would have the exclusive jurisdiction for the administration and enforcement of building codes and fire and safety codes applicable to the New Bern-Craven County Board of Education, the Craven Community College, and the Craven Regional Medical Center, all of which owned property within the city limits of New Bern. The plaintiff had the right to enforce the codes prior to the action by the General Assembly, the plaintiff's status was changed by the General Assembly, and the plaintiff may challenge this change of status by an action for a declaratory judgment. There is no impediment to be removed before court action could begin, as in prior cases in which litigation did not appear to be unavoidable.

**Am Jur 2d, Declaratory Judgments §§ 33, 36, 37, 98.**

Justice MITCHELL dissenting.

Justice MARTIN joins in this dissenting opinion.

ON discretionary review pursuant to N.C.G.S. § 7A-31 prior to a determination by the Court of Appeals of a judgment for defendants entered by *Reid, J.,* at the 28 December 1988 Session of Superior Court in CRAVEN County. Heard in the Supreme Court 16 November 1989.

CITY OF NEW BERN v. NEW BERN-CRAVEN CO. BD. OF ED.

[328 N.C. 557 (1991)]

This action was brought by the City of New Bern for a declaratory judgment. The City prayed that Chapter 805 of the 1986 Session Laws, Chapter 341 of the 1987 Session Laws, and Chapter 934 of the 1988 Session Laws be held unconstitutional. The three Chapters provide that Craven County shall have exclusive jurisdiction for the administration and enforcement of all laws and regulations relating to building codes, and fire and safety codes as they are legally applicable to the New Bern-Craven County Board of Education, the Craven Community College, and the Craven Regional Medical Center. Each of these three entities owns property within the city limits of New Bern. The plaintiff contends this legislation violates article II, section 24 and article XIV, section 3 of the Constitution of North Carolina.

After a hearing the superior court found that the City of New Bern had "no protected right to conduct inspections and enforce the State Building Fire and Safety Codes" and that absent such a vested right or obligation there is no real controversy. The court found there was no justiciable controversy and dismissed the action.

The plaintiffs appealed.

*Ward, Ward, Willey & Ward, by A. D. Ward and Elizabeth Williams, for plaintiff appellant.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by James R. Sugg, for defendant appellee County of Craven.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson, for defendant appellee New Bern-Craven County Board of Education.*

*Ward and Smith, P.A., by Susan K. Ellis and Kenneth R. Wooten, for defendant appellee Craven Community College.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Fred M. Carmichael and Rudolph A. Ashton, III, for defendant appellee Craven Regional Medical Authority.*

WEBB, Justice.

The question brought to the Court by this appeal is whether the superior court had jurisdiction under the Declaratory Judgment Act, N.C.G.S. § 1-253 *et seq.*, to determine the validity of laws adopted by the General Assembly to provide that Craven County

shall administer building and safety codes inside the city limits of New Bern. N.C.G.S. § 1-254 provides in part:

> Any person interested under a deed, will, written contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

We have held that in order to invoke the provisions of the Declaratory Judgment Act there must be a justiciable controversy between the parties. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25 (1986); *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E.2d 294 (1984); *Lide v. Mears*, 231 N.C. 111, 56 S.E.2d 404 (1949).

In this case the plaintiff is attempting to have determined its rights or status as affected by three statutes. The plaintiff contests the validity of these statutes. This would appear to make the plaintiff's claim cognizable under N.C.G.S. § 1-254.

The defendants contend the plaintiff's claim is not cognizable because there is not a real controversy between the parties. They say that it is the prerogative of the State to confer the right to enforce building codes and fire and safety codes. This being so, say the defendants, the plaintiff does not have a vested right in the enforcement of the codes and without this right there cannot be a controversy. We do not believe the question of whether there is an actual controversy depends on the existence of a vested right. The plaintiff had the right to enforce the codes prior to the action by the General Assembly. This change in status may be determined under the Declaratory Judgment Act. *See Board of Health v. Comrs. of Nash*, 220 N.C. 140, 16 S.E.2d 677 (1941), in which this Court held that an act which gave the county commissioners the power to veto the appointment of a health officer by the county board of health could be challenged under the Declaratory Judgment Act. The controversy between the parties in this case is more than a mere difference of opinion as contended by the defendants. A right which previously belonged to the plaintiff has been removed. The plaintiff may challenge this removal.

The defendants would distinguish *Town of Emerald Isle v. State of N.C.*, 320 N.C. 640, 360 S.E.2d 756 (1987), and *Board of*

*Managers v. Wilmington*, 237 N.C. 179, 74 S.E.2d 749 (1953), on the ground that a duty was imposed on the two municipalities in those cases. It is true that no duty was imposed on the plaintiff by the three acts in question in this case. That is not the test. The plaintiff's status was changed by the acts of the General Assembly. The plaintiff may challenge this change of status by an action for a declaratory judgment.

Finally the defendants, relying on *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25, *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984), and *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E.2d 178 (1974), say that in order to invoke the Declaratory Judgment Act litigation must appear unavoidable, which is not so in this case. In each of these cases we said that to satisfy the jurisdictional requirements of an actual controversy, it is necessary that litigation appear unavoidable. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 589, 347 S.E.2d 25, 32; *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 232, 316 S.E.2d 59, 61; *Consumers Power v. Power Co.*, 285 N.C. 434, 450, 206 S.E.2d 178, 189. We have not as yet defined what is meant by "unavoidable." It cannot mean that there is no way in which litigation can be avoided. One party can always avoid litigation by not bringing an action or by not resisting his opponent's claim.

In *Gaston Bd.* the plaintiff Board of Realtors brought an action for a declaratory judgment to have the court determine whether it had conducted lawful disciplinary proceedings against one of its members. The evidence showed there was a good chance the member would not sue the Board but would abide by the decision and seek reinstatement. In *Sharpe* the plaintiffs brought an action for a declaratory judgment that they were not bound by a covenant not to compete with the defendant in the newspaper business. The evidence showed the plaintiffs had no immediate intention of entering business in competition with the defendant. In *Consumers Power* the City of Shelby entered into a contract with North Carolina Consumers Power, Inc. to build a plant for the generation of electric power for the City. The City and Consumers Power brought a declaratory judgment action against Duke Power Company. They alleged that Duke had committed itself to oppose the construction of the facilities and they prayed that the contract be declared valid. This Court said the complaint revealed that there was not a practical certainty that the plaintiffs had the capaci-

ty to perform the contract. This Court held that the superior court was correct in dismissing the action because there was not a justiciable controversy.

In the three cases, *Sharpe, Gaston Bd.*, and *Consumers Power*, in which we said that litigation did not appear to be unavoidable, there was an impediment to be removed before court action could be started. In this case there is no such impediment. The County contends it has the right to enforce certain laws. The City says the County does not have the right. This is a justiciable controversy which may be determined by a declaratory judgment action.

For the reasons stated in this opinion, we reverse and remand to the Superior Court of Craven County for further proceedings.

Reversed and remanded.

Justice MITCHELL dissenting.

In my view the trial court correctly dismissed this action for lack of jurisdiction due to the absence of a justiciable controversy. The plaintiff city brought this action under our Uniform Declaratory Judgment Act. N.C.G.S. §§ 1-253 to 267 (1983 & Cum. Supp. 1990). The existence of a justiciable or genuine controversy, existing at the time of the filing of the complaint, is a jurisdictional necessity for a claim brought under the Declaratory Judgment Act. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25 (1986). In order to establish the jurisdiction of the trial court in the present case, the plaintiff city was required to allege in its complaint all of the facts necessary to disclose the existence of an actual or real existing controversy between the parties to the action. *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E.2d 294 (1984). The controversy must be more than mere difference of opinion or a threat or apprehension of litigation. *Gaston Board of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984). In order to confer jurisdiction under the Declaratory Judgment Act, the plaintiff must establish that litigation appears unavoidable. *Id.* The term "unavoidable" needs little interpretation or explanation; it means "not avoidable: incapable of being shunned or prevented: INEVITABLE." Webster's Third New International Dictionary 2483 (1976).

When the foregoing principles are applied to the present case, it is apparent that the trial court correctly concluded that the

plaintiff city had failed to show that a justiciable controversy existed at the time of the filing of its complaint. The pleadings failed to show more than a mere difference of opinion as to the validity of an act of the General Assembly placing certain administrative and enforcement responsibilities with regard to building codes with Craven County. The plaintiff city failed to set forth any specific legal right belonging to it which was affected by the challenged act. In fact, it is obvious that the act merely relieves the city of a burden. Further, the city did not allege that it planned to conduct inspections in violation of the act. Instead, the city merely alleged its "belief" that the act was null and void and its "belief" that the defendants contend otherwise. Nothing in the complaint filed by the plaintiff city suggests that litigation is "unavoidable." Therefore, the plaintiff city failed to establish a real existing controversy of the type required in order to vest jurisdiction in the trial court.

Writing for this Court more than forty years ago, Justice Ervin explained the limitations upon jurisdiction under the Declaratory Judgment Act as follows:

> There is much misunderstanding as to the object and scope of this legislation. Despite some notions to the contrary, it does not undertake to convert judicial tribunals into counselors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs. (Citations omitted.) This observation may be stated in the vernacular in this wise: The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.

*Lide v. Mears*, 231 N.C. 111, 117, 56 S.E.2d 404, 409 (1949). As the complaint filed by the plaintiff city in the present case does not meet the jurisdictional requirement of establishing the existence of an actual case or controversy, by showing that litigation appears unavoidable, the plaintiff city is merely seeking an impermissible advisory opinion. In reversing the trial court in this case, the majority requires the trial court to allow the plaintiff city "to fish in judicial ponds for legal advice" and to give the plaintiff that advice in the form of an advisory opinion. As I believe this flies

in the face of long established and adhered to precedent, I respectfully dissent.

Justice MARTIN joins in this dissenting opinion.