CITY OF NEW BERN, A NORTH CAROLINA MUNICIPAL CORPORATION, PLAINTIFF v. THE NEW BERN-CRAVEN COUNTY BOARD OF EDUCATION, A BODY CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; THE TRUSTEES OF CRAVEN COMMUNITY COLLEGE, A BODY CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; CRAVEN REGIONAL MEDICAL AUTHORITY, A PUBLIC BODY AND A BODY CORPORATE AND POLITIC WHICH HAS ITS PRINCIPAL OFFICE AND PLACE OF BUSINESS IN THE CITY OF NEW BERN, CRAVEN COUNTY, NORTH CAROLINA; THE COUNTY OF CRAVEN, A BODY CORPORATE UNDER THE LAWS OF THE STATE OF NORTH CAROLINA; AND LACY H. THORNBURG, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, DEFENDANTS

No. 923SC730

(Filed 21 December 1993)

1. **Constitutional Law § 24 (NCI4th) — enforcement of building codes — jurisdiction transferred — local acts — unconstitutional**

The trial court did not err in declaring unconstitutional as local acts three statutes which transferred exclusive jurisdiction of the enforcement of various building codes from the City of New Bern, North Carolina, to Craven County. The acts are local whether the "reasonable classification" test of *McIntyre v. Clarkson*, 254 N.C. 510, or the "general public interest" test of *Town of Emerald Isle v. State of N.C.*, 320 N.C. 640, is applied because there is no rational basis for separating governmental units and imposing a transfer of jurisdiction over the enforcement of building codes from the city to the county and it is clear that the contributions made to the public by the Craven County Board of Education, Craven Community College, and Craven Regional Medical Authority are essentially concentrated in the New Bern area. Finally, the legislation serves to strip the power of city inspectors to enforce the State Building Code, a purpose directly related to health and sanitation.

**Am Jur 2d, Constitutional Law §§ 319-321.**

2. **Constitutional Law § 24 (NCI4th)— jurisdiction over building code enforcement — local act — unconstitutional — prospective application of decision**

   The trial court did not err by applying its ruling of unconstitutionality prospectively only where the trial court had held three statutes transferring jurisdiction for enforcement of building codes from the city to the county to be unconstitutional local acts. Defendants reasonably relied on the invalid statutes and acted in good faith in carrying out the mandate of the General Assembly.

   **Am Jur 2d, Constitutional Law §§ 319-321.**

Appeal by defendants except for the Attorney General, and cross-appeal by plaintiff from order entered 24 February 1992, by Judge G. K. Butterfield in Craven County Superior Court. Heard in the Court of Appeals 3 June 1993.

*Ward, Ward, Willey & Ward, by A. D. Ward, for plaintiff cross-appellant-appellee.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson and Benjamin G. Alford, for defendant appellant-appellee, New Bern-Craven County Board of Education.*

*Ward and Smith, P.A., by Kenneth R. Wooten and Anne D. Edwards, for defendant appellant-appellee, Craven Community College.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Fred M. Carmichael and Rudolph A. Ashton, III, for defendant appellant-appellee, Craven Regional Medical Authority.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by James R. Sugg and Jimmie B. Hicks, Jr., for defendant appellant-appellee, Craven County.*

COZORT, Judge.

[1] The question presented by this appeal is whether the trial court erred in declaring unconstitutional three statutes which transfer exclusive jurisdiction of the enforcement of various building codes from the City of New Bern, North Carolina, to Craven County. We find the statutes to be unconstitutional pursuant to N.C. Const. art. II, § 24. We thus affirm. The facts and procedural history follow.

CITY OF NEW BERN v. NEW BERN-CRAVEN COUNTY BD. OF EDUC.

[113 N.C. App. 98 (1993)]

On 26 June 1986, the North Carolina General Assembly enacted Chapter 805 of the 1985 Session Laws entitled "AN ACT TO PROVIDE FOR ENFORCEMENT OF BUILDING AND OTHER CODES BY THE COUNTY OF CRAVEN AS TO PROPERTY OF THE NEW BERN-CRAVEN COUNTY BOARD OF EDUCATION RATHER THAN BY CITIES IN THAT COUNTY." The act vested Craven County with exclusive jurisdiction over the inspection of buildings of the New Bern-Craven County Board of Education. Previously, inspections of school facilities in New Bern were handled by city inspectors; school buildings outside the city limits were inspected by county officials. A similar provision, Chapter 341 of the 1987 Session Laws, was passed in 1987 regarding Craven Community College, which is located within the city limits of New Bern. A third provision, Chapter 934 of the 1987 Session Laws, was passed in 1988 with respect to the local hospital, Craven Regional Medical Authority, which is also located inside the city limits of New Bern. The provisions read:

Chapter 805

The General Assembly of North Carolina enacts:

**Section 1.** Craven County shall have the exclusive jurisdiction as against any city as defined by G.S. 160A-1 for the administration and enforcement of all laws, statutes, code requirements and all other applicable regulations promulgated by the State or any city respecting building, construction, fire and safety codes as the same relate to or are legally applicable to the New Bern-Craven County Board of Education.

**Sec. 2.** This act is effective upon ratification.

In the General Assembly read three times and ratified, this the 26th day of June, 1986.

Chapter 341

The General Assembly of North Carolina enacts:

**Section 1.** Craven County shall have exclusive jurisdiction as against any city as defined by G.S. 160A-1 for the administration and enforcement of all laws, statutes, code requirements, and all other applicable regulations adopted by the State or any city respecting building, construction, fire and safety codes

as the same relate to or are legally applicable to the Board of Trustees of Craven Community College.

**Sec. 2.** This act is effective upon ratification.

In the General Assembly read three times and ratified this 12th day of June, 1987.

## Chapter 934

"The General Assembly of North Carolina enacts:

"**Section 1.** Craven County shall have the exclusive jurisdiction as against any city as defined by G.S. 160A-1 for the administration and enforcement of all laws, statutes, code requirements and all other applicable regulations promulgated by the State or any city respecting building, construction, fire and safety codes as the same relate to or are legally applicable to any property owned or leased by the Craven Regional Medical Center.

**Sec. 2.** This act is effective upon ratification.

In the General Assembly read three times and ratified this the 23rd day of June, 1988.

The City of New Bern filed a declaratory judgment action on 8 November 1988 to have the three statutes governing the inspections of buildings declared unconstitutional. The trial court entered an order on 16 January 1989 dismissing the action with prejudice, holding that no justiciable controversy existed which would permit the court to take jurisdiction over the matter. Plaintiff appealed. The North Carolina Supreme Court allowed the plaintiff's petition for discretionary review prior to determination by the Court of Appeals. On 3 April 1991, the Supreme Court reversed the dismissal of the lawsuit and remanded it to the Superior Court of Craven County for further proceedings. *City of New Bern v. New Bern-Craven County Bd. of Educ.*, 328 N.C. 557, 402 S.E.2d 623 (1991). The case was heard without a jury on 4 November 1991. In a judgment filed 24 February 1992, the trial court held that the three statutes in controversy were unconstitutional. The defendants, except for the Attorney General of North Carolina, appealed.

Our scope of reviewing the constitutionality of acts passed by the General Assembly is:

CITY OF NEW BERN v. NEW BERN-CRAVEN COUNTY BD. OF EDUC.

[113 N.C. App. 98 (1993)]

> It is well settled in this State that the Courts have the power, and it is their duty in proper cases, to declare an act of the General Assembly unconstitutional—but it must be plainly and clearly the case. If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people.

*Glenn v. Board of Educ.*, 210 N.C. 525, 529-30, 187 S.E. 781, 784 (1936).

> The presumption is that an act passed by the Legislature is constitutional, and it must be so held by the courts unless it appears to be in conflict with some constitutional provision. The legislative department is the judge, within reasonable limits, of what the public welfare requires, and the wisdom of its enactments is not the concern of the courts. As to whether an act is good or bad law, wise or unwise, is a question for the Legislature and not for the courts—it is a political question. The mere expediency of legislation is a matter for the Legislature, when it is acting entirely within constitutional limitations, but whether it is so acting is a matter for the courts.

*State v. Warren*, 252 N.C. 690, 696, 114 S.E.2d 660, 666 (1960) (citations omitted). The trial court determined that the acts were violative of § 24 of Article II of the North Carolina Constitution, which reads in pertinent part:

> *Prohibited subjects.* The General Assembly shall not enact any local, private, or special act or resolution:
>
> (a) Relating to health, sanitation, and the abatement of nuisances[.]

Because we conclude the three acts in question are "local," and related to "health" and "sanitation," we agree with the trial court's determination that the acts are prohibited subjects of legislation and therefore unconstitutional.

A statute is either "general" or "local," there being no middle ground. *Smith v. County of Mecklenburg*, 280 N.C. 497, 506, 187 S.E.2d 67, 73 (1972). In *McIntyre v. Clarkson*, 254 N.C. 510, 518, 119 S.E.2d 888, 893-94 (1961), our Supreme Court held:

> Within the meaning of constitutional prohibitions against local laws, a law is local where, by force of an inherent limitation, it arbitrarily separates some places from others upon which, but for such limitation, it would operate, where it embraces

less than the entire class of places to which such legislation would be necessary or appropriate having regard to the purpose for which the legislation was designed, and where the classification does not rest on circumstances distinguishing the places included from those excluded.

Until recently, the "reasonable classification" test outlined in *McIntyre* was applied consistently to issues surrounding constitutional prohibitions against the enactment of local, special, or private legislation. The *McIntyre* test required that the classification be based on a "reasonable and tangible distinction and operate the same on all parts of the state under the same conditions and circumstances." *Id.* at 519, 119 S.E.2d at 894. *See also, Adams v. Dep't of N.E.R.*, 295 N.C. 683, 249 S.E.2d 402 (1978).

In *Town of Emerald Isle v. State of N.C.*, 320 N.C. 640, 360 S.E.2d 756 (1987), however, our Supreme Court articulated a somewhat different test to determine whether legislation is local or general. The act in *Emerald Isle* provided that the Department of Natural Resources would acquire certain property adjacent to a vehicular area with beach access in order to build a parking area, walkways and other public facilities which had beach access. The town was to be responsible for maintaining the area following its construction. The statute established a single beach access area in one locality to be maintained by a local unit of government. In finding the act was not "local," the Court stated:

[W]e find that, instead of applying a reasonable classification analysis, our attention should focus on the extent to which the act in question affects the general public interests and concerns. In doing so, we are aware that "a statute will not be deemed private merely because it extends to particular localities or classes of persons." *Yarborough v. Park Commission*, 196 N.C. 284, 291, 145 S.E.2d 563, 568 (1928).

*Id.* at 651, 360 S.E.2d at 763.

In this case, we reach the same result whether the "reasonable classification" test of *McIntyre* or the "general public interest" test of *Emerald Isle* is applied. We find the acts are local. Here, the General Assembly has singled out certain units of local government for special treatment. We discern no rational basis for separating governmental units and imposing a transfer of jurisdiction over the enforcement of building codes from the city to the

county. Consequently, under the "reasonable classification" test, the acts are local. The acts are also local under a "general public interest" analysis. According to the newer test, we must determine whether the acts seek to promote the general public's interest and concerns. Although defendants argue strenuously that their respective entities serve a broad range of public interests and promote the general public welfare, we find the services provided by each defendant to be primarily local. In some ways, every local governmental unit, by its very nature, serves some public interest. In the present case, however, it is clear the contributions made to the public by the Craven County Board of Education, Craven Community College, and Craven Regional Medical Authority are essentially concentrated in the New Bern area. It follows, then, that the acts are considered local under the "general public interest" test as well.

To be declared unconstitutional, not only must the legislative enactment be "local," but it must also relate to the matters prohibited by N.C. Const. art. II, § 24. *Floyd v. Lumberton Bd. of Educ.*, 71 N.C. App. 670, 324 S.E.2d 18 (1984). Our analysis therefore necessarily turns to the question of whether the acts relate to "health, sanitation, [or] the abatement of nuisances." Defendants argue that the acts being reviewed must be more than tangentially related to health and sanitation; the legislation must deal directly with health and sanitation. The trial court made in part the following findings:

16. That the several codes addressed in each of said acts include the North Carolina State Building Code, which consists of Volume I, "General Construction"; 1A, "Administration and Enforcement," 1B, "N.C. Uniform Residential Building Code," and 1C, "Accessibility Code"; Volume II, "Plumbing"; Volume III, "Mechanical"; Volume IV, "National Electric Code"; Volume V, "Fire Prevention"; and Volume VI, "Gas"; much of which, by their very terms, relate to health and sanitation.

17. That the duties and responsibilities of municipal inspection departments and individual inspectors therein are set forth in G.S. 160A-412, "Duties and Responsibilities," which provides, in part:

"The duties and responsibilities of an inspection department and of the inspectors therein shall be to enforce within their territory or [sic] jurisdiction State and local laws relating to

CITY OF NEW BERN v. NEW BERN-CRAVEN COUNTY BD. OF EDUC.

[113 N.C. App. 98 (1993)]

"(1) The construction of buildings and other structures;

"(2) The installation of such facilities as plumbing systems, electrical systems, heating systems, refrigeration systems, and air conditioning systems;

"(3) The maintenance of buildings and other structures in a safe, sanitary, and healthful condition;

"(4) Other matters that may be specified by the city council."

One of the stated purposes of the North Carolina Building Code, found in N.C. Gen. Stat. § 143-138, is:

· All regulations contained in the North Carolina State Building Code shall have a reasonable and substantial connection with the public health, safety, morals, or general welfare, and their provisions shall be construed liberally to those ends.

N.C. Gen. Stat. § 143-138(c) (1990). The acts subject to this appeal dictate the selection of officers who shall administer health laws. The legislation serves to strip the power of city inspectors to enforce the State Building Code, a purpose directly related to health and sanitation. We find the acts directly affect health and safety by transferring enforcement power from one governmental unit to another. Because the three acts in question are local and address health and safety, we find the trial court did not err in declaring them unconstitutional.

[2]  The primary issue raised by plaintiff's cross-appeal concerns the trial court's decision to apply its ruling of unconstitutionality in a prospective fashion only. Plaintiff's complaint filed on 8 November 1988 sought a determination that the acts in question "were enacted by the North Carolina General Assembly in violation of the Constitution of North Carolina, and are, therefore, null and void." Plaintiff argues the prospective application of the judgment is "unconscionable and inconsistent with the law." We disagree.

"Both the United States Supreme Court and North Carolina Supreme Court have 'recognized that in some cases it would be inequitable to apply newly announced rules retroactively if prior to the enunciation of the rules parties had reasonably relied on certain principles in ordering their affairs. In such a case the rule is not applied retroactively.'" *Fulton Corp. v. Justus*, 110 N.C.

App. 493, 504-05, 430 S.E.2d 494, 501 (1993) (quoting *Swanson v. State of N.C.*, 329 N.C. 576, 581, 407 S.E.2d 791, 793 (1991)). "[A] test of reasonableness and good faith is to be applied in determining the effect which a judicial decision that a statute is unconstitutional will have on the rights and obligations of parties who have taken action pursuant to the invalid statute." *Insurance Co. v. Ingram*, 301 N.C. 138, 149, 271 S.E.2d 46, 52 (1980). Here, the defendants reasonably relied on the invalid statute and acted in good faith in carrying out the mandate of the General Assembly. We find the trial court did not err by directing the effect of the statute's unconstitutionality to have only a prospective application.

The trial court's judgment of 24 February 1992 was stayed by this Court by the issuance of a temporary stay on 9 March 1992 and by the issuance of a writ of supersedeas on 23 March 1992. This Court's mandate shall issue 20 days after the filing date specified at the beginning of this opinion. Effective with the issuance of this Court's mandate, the writ of supersedeas is dissolved and the trial court's judgment declaring the statutes null and void shall take effect.

We have reviewed the plaintiff's remaining assignments of error presented on cross-appeal and find them to be without merit. In conclusion, we hold that 1985 N.C. Sess. Laws ch. 805 (1986 Session), 1987 N.C. Sess. Laws ch. 341 (1987 Session), and 1987 N.C. Sess. Laws ch. 934 (1988 Session) violate N.C. Const. art. II, § 24. The judgment of the trial court is        .

Affirmed.

Judges WELLS and JOHN concur.