AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA, INC., AND SYIDAH MATTEEN, PLAINTIFFS v. STATE OF NORTH CAROLINA, DEFENDANT

No. COA06-62

(Filed 16 January 2007)

**Declaratory Judgments— procedure for administration of oaths—litigation appears unavoidable**

A de novo review revealed that the trial court erred by concluding that plaintiffs failed to present a justiciable controversy in their complaint for a declaratory judgment regarding the interpretation of N.C.G.S. § 11-2 describing the procedure for the administration of oaths, because: (1) although it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable; (2) plaintiff individual demonstrated her intent to avail herself of her asserted right to swear on her religious text, the Quran, and her intent to litigate that right; (3) the State demonstrated, by its refusal to per-

mit witnesses to swear on any text other than the Christian Bible, its intent to continue the course of action; (4) the facts do not suggest any impediments to litigation that would make litigation avoidable in the absence of a declaratory judgment; and (5) plaintiff ACLU-NC has sufficiently indicated that its members intend to avail themselves of their rights, ACLU-NC has manifested an intent to litigate the issue, and there is no impediment to litigation which would render litigation avoidable.

Appeal by plaintiffs from judgment entered 9 December 2005 by Judge Donald L. Smith in Wake County Superior Court. Heard in the Court of Appeals 18 September 2006.

*Smith, James, Rowlett & Cohen, L.L.P., by Seth R. Cohen, for plaintiff-appellants.*

*Roy Cooper, Attorney General, by Grady L. Balentine, Jr., Special Deputy Attorney General, for defendant-appellee.*

MARTIN, Chief Judge.

On 26 July 2005, the American Civil Liberties Union of North Carolina, Inc., ("ACLU-NC") filed a complaint against the State seeking a declaratory judgment interpreting N.C.G.S. § 11-2, the statute that describes the procedure for the administration of oaths. The statute mandates that a person giving an oath "shall . . . require the party to be sworn to lay his hand upon the Holy Scriptures." N.C. Gen. Stat. § 11-2. ACLU-NC sought a declaratory judgment that the term "Holy Scriptures" appearing in the statute refers not only to the Christian Bible, but also to other religious texts including, but not limited to, the Quran, the Old Testament, and the Bhagavad-Gita. In the alternative, ACLU-NC sought a declaratory judgment that N.C.G.S. § 11-2 is unconstitutional in violation of the Establishment Clause and the Free Exercise Clause of the First Amendment to the United States Constitution and Article 1, Section 13 of the North Carolina Constitution. U.S. Const. amend. I; N.C. Const. art. 1, § 13. ACLU-NC submitted affidavits from eight Jewish members of ACLU-NC who were residents of Guilford County and eligible for jury duty, stating they would prefer to swear on the Hebrew Bible rather than the Christian Bible if selected as jurors or asked to testify in court. ACLU-NC alleged that the Al-Ummil Ummat Islamic Center of Greensboro, North Carolina, offered to donate copies of the Quran to the Guilford County court system to use for swearing in witnesses

and jurors, but judicial officers declined the offer. ACLU-NC also alleged that it requested that the Administrative Office of the Courts adopt a policy allowing individuals to be sworn using religious texts other than the Christian Bible, but the Administrative Office of the Courts declined the request.

On 29 November 2005, plaintiff ACLU-NC amended its complaint, adding Syidah Mateen as a plaintiff. Ms. Mateen is a Muslim resident of Guilford County who appeared as a witness in district court in August 2003. She requested to be sworn on the Quran, but there was no Quran in the courtroom. Since Ms. Mateen would not swear on the Bible, she affirmed without the use of a religious text. Both plaintiffs sought a declaratory judgment to determine the rights of Ms. Mateen and the members of ACLU-NC under N.C.G.S. § 11-2 or to declare the statute invalid.

In its answer to the amended complaint, the State moved for dismissal of the complaint and asserted, among other defenses, that the plaintiffs' claims were not justiciable because no actual case or controversy existed between the parties. On 9 December 2005, the trial court dismissed the case for lack of jurisdiction due to a lack of justiciable controversy. Plaintiffs appealed the judgment.

---

The sole issue presented by this appeal is whether either plaintiff has presented a justiciable controversy in their complaint. We conclude the complaint is sufficient to entitle both plaintiffs to litigate their claims under the Declaratory Judgment Act, though we are careful to express no opinion on the merits of those claims.

On appeal, the standard of review of a trial court's dismissal of a complaint for lack of jurisdiction is *de novo*. *Hatcher v. Harrah's N.C. Casino Co.*, 169 N.C. App. 151, 155, 610 S.E.2d 210, 212 (2005).

Plaintiffs brought their claims under the Declaratory Judgment Act, which provides that "[a]ny person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under [it], and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2005). The purpose of the Act "is to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations and is to be liberally construed and administered." *Walker v. Phelps*, 202 N.C. 344, 349, 162 S.E. 727, 729 (1932). Further, a claim brought under the Declaratory Judgment Act must allege a justiciable controversy. *City of New*

*Bern v. New Bern-Craven County Bd. of Educ.*, 328 N.C. 557, 559, 402 S.E.2d 623, 624-25 (1991); *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 583, 347 S.E.2d 25, 29 (1986). Nevertheless, "a declaratory judgment action may be maintained without actual wrong or loss as its basis." *McCabe v. Dawkins*, 97 N.C. App. 447, 449, 388 S.E.2d 571, 572 (1990). Accordingly, the plaintiff need not have already sustained an injury to file suit under the Act. However, "[the Supreme Court] has held on a number of occasions that Courts have jurisdiction to render declaratory judgments only when the pleadings and evidence disclose the existence of an actual controversy between parties having adverse interests in the matter in dispute." *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984).

"Although it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable. Mere apprehension or the mere threat of an action or a suit is not enough." *Gaston*, 311 N.C. at 234, 316 S.E.2d at 61-62 (citations omitted). Although our courts have not defined the term "unavoidable," our Supreme Court in *City of New Bern* analyzed existing case law and determined, "[i]n the three cases . . . in which we said that litigation did not appear to be unavoidable, there was an impediment to be removed before court action could be started." *City of New Bern*, 328 N.C. at 561, 402 S.E.2d at 626. In the first of the three cases, *Sharpe*, the plaintiffs sought interpretation of a contract provision regarding a covenant not to compete. The Court found that plaintiffs did not intend to compete and "there [wa]s no evidence of a practical certainty that the plaintiffs will compete with the defendant"; therefore, litigation was not unavoidable. *Sharpe*, 317 N.C. at 590, 347 S.E.2d at 32. In the second of the three cases, *Gaston*, the Gaston Board of Realtors sought a declaratory judgment that disciplinary proceedings they conducted against defendant were lawful. The evidence suggested that the defendant demonstrated no intent to sue the board over its decision in the proceedings; thus, litigation was not unavoidable. *Gaston*, 311 N.C. at 235, 316 S.E.2d at 62. In the third of the three cases, *Consumers Power*, plaintiffs sought a declaratory judgment determining the validity of their contract with defendant. The Court found "there is no practical certainty that plaintiffs have the capacity or power to perform the acts which would inevitably create a controversy" and thus litigation was not unavoidable. *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 451, 206 S.E.2d 178, 189-90 (1974). In all three cases, the circumstances indi-

cated a lack of practical certainty that litigation would commence if a declaratory judgment were not rendered, which the Court identified as impediments to litigation. *See City of New Bern*, 328 N.C. at 561, 402 S.E.2d at 626.

Our courts have determined other cases to be non-justiciable due to other impediments, such as cases where the action in controversy has not been performed but is merely speculative, *see Adams v. N.C. Dep't of Natural and Econ. Res.*, 295 N.C. 683, 703-04, 249 S.E.2d 402, 414 (1978); *Wendell v. Long*, 107 N.C. App. 80, 83, 418 S.E.2d 825, 826 (1992), or cases where the ordinance that is the subject of the suit has not been enacted but merely has been proposed. *See City of Raleigh v. Norfolk S. Ry. Co.*, 275 N.C. 454, 464, 168 S.E.2d 389, 396 (1969). Thus, an impediment to litigation could arise in the form of one party's lack of intent to avail himself of his rights, one party's lack of intent to litigate, or the speculative nature of the conflict.

When no impediment is present, litigation is unavoidable and the case is justiciable, as in *City of New Bern*, 328 N.C. at 561, 402 S.E.2d at 626. In that case, the City of New Bern contested the validity of three statutes affecting its right to enforce building codes and giving those rights to the County. The City of New Bern sought to have its rights determined under the statutes. Because the City had the right to enforce building codes before the new statutes were enacted, the Court recognized that its change in status allowed it to sue under the Declaratory Judgment Act. The facts of the case showed the City's intent to avail itself of its rights, its intent to litigate, and the non-speculative nature of the conflict. Accordingly, the Court was satisfied that no impediment to litigation was present in the case and litigation was unavoidable. *Id.* at 561, 402 S.E.2d at 626. We now consider in the case at hand whether any of the recognized impediments operate to make litigation between plaintiffs ACLU-NC and Syidah Mateen and defendant avoidable.

We consider this question first with respect to plaintiff Syidah Mateen. When Ms. Mateen appeared as a witness, she requested that her oath to tell the truth be sworn on the holy text of her religious faith, the Quran. When her request was denied and because she would not swear on the Christian Bible, her options were to affirm without the use of a religious text or be denied the opportunity to testify. *See* N.C.R. Evid. 603 (2005) ("Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."). Ms. Mateen chose to affirm

to tell the truth, and she now seeks a declaratory judgment determining whether, under N.C.G.S. § 11-2, she has the right to swear on her holy text, the Quran. Under these circumstances, Ms. Mateen clearly demonstrated her intent to avail herself of her asserted right to swear on her religious text and her intent to litigate that right. The State has clearly demonstrated, by its refusal to permit witnesses to swear on any text other than the Christian Bible, its intent to continue the course of action; thus, its actions are not speculative. The facts do not suggest any impediments to litigation that would make litigation avoidable in the absence of a declaratory judgment. Finding no impediment to litigation, we conclude that litigation between plaintiff Mateen and defendant is unavoidable.

We next consider whether an impediment to litigation exists between ACLU-NC and the State. ACLU-NC submitted affidavits from eight of its members from Guilford County, eligible for jury duty, who are Jewish and would prefer to swear on the Old Testament rather than the Christian Bible. ACLU-NC further alleged that it has approximately 8,000 members throughout the state, many of whom are of Islamic or Jewish religious faith. ACLU-NC argues that it is not a matter of "if" one of its members who would prefer to swear on a different religious text will be called to serve as a juror or witness, but rather it is a matter of "when." We agree. ACLU-NC has sufficiently indicated that its members intend to avail themselves of their rights, and ACLU-NC has manifested an intent to litigate the issue. The State's policy is not speculative. Although it cannot be predicted exactly when or how much time will pass until a member of ACLU-NC who would prefer to swear on a holy text other than the Christian Bible is required to take an oath in court, there is sufficient practical certainty that such situation will occur. Accordingly, there is no impediment to litigation which would render litigation avoidable. Because litigation is unavoidable, the case is justiciable under the Declaratory Judgment Act, allowing ACLU-NC to obtain from the court an interpretation of N.C.G.S. § 11-2 and the rights of its members under the statute.

Reversed.

Judges ELMORE and JACKSON concur.