JACK T. BLAND, E. R. BROWN, F. R. RAY, HAYWOOD BROWN AND C. C. JORDAN, JR., ON BEHALF OF THEMSELVES AND OTHER MEMBERS OF THE FIRE DEPARTMENT OF THE CITY OF WILMINGTON, AND WILMINGTON FIREFIGHTERS' ASSN., LOCAL 1284 v. CITY OF WILMINGTON, NORTH CAROLINA, MAYOR L. M. CROMARTIE, COUNCILMEN JOHN SYMMES, W. ALEX FONVIELLE, JR., HERBERT BRAND AND B. D. SCHWARTZ

No. 705SC523

(Filed 16 December 1970)

1. **Declaratory Judgment Act § 1— action for anticipatory judgment**
    The courts of this state do not issue anticipatory judgments resolving controversies that have not arisen.

2. **Municipal Corporations § 9; Declaratory Judgment Act § 2— right of city firemen to live outside the city — action for declaratory judgment — dismissal of action**
    Action by municipal firemen seeking a declaratory judgment on their right to reside outside the municipality while continuing their employment with the municipality, in apparent violation of municipal policy, *is held* properly dismissed by the trial court when no firemen were residing outside the municipality at the time of the action.

APPEAL by plaintiffs from *Cowper, Superior Court Judge,* 20 April 1970 Term, NEW HANOVER Superior Court.

This is an action instituted under the declaratory judgment act, G.S. 1-253 *et seq.* by and on behalf of employees of the Fire Department of the City of Wilmington. Plaintiffs, in substance alleged the following: Plaintiffs desire to reside outside of the city but have been informed by representatives of the city that if they do so their employment will be terminated. Plaintiffs have demanded that defendant comply with G.S. 160-115.1 which is as follows:

"The governing bodies of every incorporated city and town are authorized to employ members of the fire department and to prescribe their duties. Persons employed as members of the fire department may reside outside the corporate limits of the municipality."

The answer of defendant admitted that certain employees of the fire department have requested permission to live outside the city and that such permission has not been granted. It also alleged in the answer that G.S. 160-25, enacted after the enactment of G.S. 160-115.1 repealed the earlier statute. G.S. 160-25 is as follows:

"No person shall hold any elective office of any city or town unless he shall be a qualified voter therein. Residence within a city or town shall not be a qualification for or prerequisite to appointment to any nonelective office of any city or town unless the governing body thereof shall by ordinance so require."

The answer further asserted that no controversy existed between the parties.

From judgment dismissing the action, plaintiffs appealed.

*James L. Nelson for plaintiff appellants.*

*Cicero P. Yow for defendant appellees.*

VAUGHN, Judge.

[1, 2] Although we express no opinion on the reasons and findings of the trial judge set out in the judgment, we affirm the result reached in dismissing the action. No firemen presently reside outside the city and it is not known if any will do so. What action, if any, the city will take in the event of such an occurrence is also unknown. In effect plaintiffs assert that defendant will act contrary to law, as plaintiffs contend the law to be, if plaintiffs act contrary to law as the defendants contend the law to be. These allegations do not present a justiciable controversy. The courts of this state do not issue anticipatory judgments resolving controversies that have not arisen.

"Our Uniform Declaratory Judgment Act does not authorize the adjudication of mere abstract or theoretical questions. Neither was this act intended to require the

Court to give advisory opinions when no genuine controversy presently exists between the parties. Actions for declaratory judgment will lie for an adjudication of rights, status, or other legal relations only when there is an actual existing controversy between the parties. *Lide v. Mears, supra.*" *Angell v. Raleigh,* 267 NC. 387, 148 S.E. 2d 233.

A similar, though not identical, issue was presented in *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L. Ed. 754. In that case individual Civil Service employees and the United Public Workers of America joined in a suit alleging that the individuals desired to engage in political management and political campaigns contrary to the provisions of the Hatch Act and the Civil Service Rules which they contended were unconstitutional. A declaratory judgment was sought. As to all parties except the one who had actually engaged in the prohibited activity and faced dismissal under the Act, the Supreme Court of the United States held that no actual controversy existed which would support a declaratory judgment.

The result reached in dismissing the action is affirmed. The cause is remanded for the entry of a judgment dismissing the action for the reasons stated in this opinion.

Remanded.

Judges BROCK and MORRIS concur.