NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY v. MELINDA BAREFOOT WARREN AND CATHERINE POPKIN

No. 873SC889

(Filed 1 March 1988)

**Declaratory Judgment Act § 4.3— excess insurance coverage—absence of justiciable controversy**

Plaintiff insurer failed to allege a controversy justiciable under the Declaratory Judgment Act in seeking to determine whether an automobile liability policy issued to defendant driver's husband and insuring defendant driver provided excess coverage to defendant driver which would be available to satisfy any judgment against her by defendant passenger exceeding the limits of a liability policy issued to the automobile owner where plaintiff alleged that the owner's liability insurer is providing a defense to the driver in the passenger's action against the driver; there was no allegation that plaintiff has been called upon to defend or participate in any way in the passenger's action; and the amount of injury sustained by defendant passenger is not evident from plaintiff's complaint.

APPEAL by plaintiff from *Reid, Judge.* Judgment entered 20 August 1987 in Superior Court, PITT County. Heard in the Court of Appeals 10 February 1988.

This is an action pursuant to the Declaratory Judgment Act, G.S. 1-253 to 1-267. In its complaint, plaintiff alleged it had issued defendant Warren's husband an automobile liability insurance policy insuring defendant Warren. Both defendants were residents in the medical program at the East Carolina University Medical Center. As part of their residency program, defendants were to rotate among hospitals in the Eastern Area Health Education program.

On 29 January 1985 defendants were engaged in an eight-week rotation at a hospital in Wayne County. On that date, in an automobile driven by defendant Warren and provided by Eastern Area Health Education Agency, defendant Popkin was seriously and permanently injured as a result of an accident. Plaintiff's complaint further alleges that defendant Popkin has sued defendant Warren for the personal injuries arising out of the accident, and that the liability insurance carrier for Eastern Area Health Education Agency is providing a defense. Further allegations are:

. . . the Plaintiff is informed and believes that both of the Defendants herein contend that the policy of insurance

issued to [defendant Warren's husband] by the Plaintiff provides excess coverage to Melinda Barefoot Warren which would be available to satisfy any judgment which exceeded the limits of liability of the Eastern Area Health Education Agency's policy.

Plaintiff contends it is not liable under the policy it issued. It therefore prayed that the court "adjudge and determine that the Plaintiff is not obligated under the aforementioned policy," and "declare the rights of the parties." Both parties moved for summary judgment. Summary judgment was denied for plaintiff, but was granted for defendants, and judgment was entered. Plaintiff appealed.

*Baker, Jenkins & Jones, P.A., by Ronald G. Baker, for plaintiff, appellant.*

*Henderson, Baxter & Alford, P.A., by B. Hunt Baxter, Jr., for defendant, appellee Melinda Barefoot Warren.*

HEDRICK, Chief Judge.

Although the question has not been discussed by either party in its brief, we *ex mero motu* consider whether plaintiff, in its complaint, has alleged an actual justiciable controversy in support of a declaratory judgment action.

An actual controversy must exist for there to be an action under the Declaratory Judgment Act. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E. 2d 25 (1986). Determination of what is an actual controversy and how the act operates is found in *Lide v. Mears*, 231 N.C. 111, 117, 56 S.E. 2d 404, 409 (1949):

> There is much misunderstanding as to the object and scope of this legislation. Despite some notions to the contrary, it does not undertake to convert judicial tribunals into counsellors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs. [Citations omitted.] This observation may be stated in the vernacular in this wise: The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.

The existence of an actual controversy must be shown in the complaint. *Kirkman v. Kirkman*, 42 N.C. App. 173, 256 S.E. 2d 264, *disc. rev. denied*, 298 N.C. 297, 259 S.E. 2d 300 (1979). It is not necessary that one party have an actual right of action against another, but there must be more than a mere disagreement. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E. 2d 25 (1986). This means it must be shown in the complaint that litigation appears unavoidable. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E. 2d 59 (1984).

In this case, the complaint alleges nothing more than the possibility that plaintiff may be responsible for any excess above Eastern Area Health Education Agency's liability coverage. It is not evident from the complaint how much injury was sustained by defendant Popkin. Indeed, plaintiff does not even allege that it has been called upon to defend the action or participate in any way. Plaintiff merely alleges that it is "informed and believes that both of the Defendants herein contend that the policy of insurance issued to Daryl A. Warren by the Plaintiff provides excess coverage to Melinda Barefoot Warren which would be available to satisfy any judgment which exceeded the limits of liability of the Eastern Area Health Education Agency's policy."

Mere threat of a suit is not enough to create jurisdiction for a declaratory judgment action. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E. 2d 59 (1984). In this case there is not even an allegation of a threat. The complaint totally lacks any allegation sufficient to give a court jurisdiction under the Declaratory Judgment Act. The act does not "require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise." *Tryon v. Power Co.*, 222 N.C. 200, 204, 22 S.E. 2d 450, 453 (1942). At this stage the court can only speculate with respect to the issues plaintiff attempts to raise in its complaint. Speculation is for the classroom, not the courtroom. It is the duty of the court to adjudicate, not to hypothecate.

For these reasons, we hold plaintiff has failed to allege sufficient facts to show the existence of an actual or justiciable controversy with regard to the insurance policy issued to defendant Warren's husband. Therefore, the court lacked jurisdiction to make any declaration under the Declaratory Judgment Act.

The judgment of the Superior Court entered 20 August 1987 is vacated, and the matter is remanded to the Superior Court of Pitt County for entry of an Order dismissing the proceeding.

Vacated and remanded.

Judges BECTON and SMITH concur.