SCOTT STEVENSON v. BRENDA JEAN PARSONS D/B/A KANUGA ANIMAL CLINIC

No. 8829DC1335

(Filed 17 October 1989)

1. **Declaratory Judgment Act § 3 (NCI3d)— declaratory judgment action— covenant not to compete— actual controversy between parties**

    The record showed an actual controversy between the parties as to the validity of a covenant not to compete where plaintiff, who was already employed by defendant, entered into a covenant not to compete with defendant on 31 July

1985; the agreement would bar plaintiff, a veterinarian, from competing with defendant in a radius of ten miles for five years following termination of his employment with defendant; plaintiff gave notice to defendant in June of 1987 of his intent to terminate his employment; plaintiff intends to open a veterinary practice within ten miles of Hendersonville within the proscribed five-year period; plaintiff has entered into a contract to purchase real property within which to operate his clinic; defendant's attorney notified plaintiff on 11 January 1988 in writing that defendant would promptly initiate legal action; and defendant has filed a complaint seeking injunctive relief and monetary damages and has obtained temporary injunctive relief. N.C.G.S. § 1-253.

**Am Jur 2d, Master and Servant § 106.**

2. **Master and Servant § 11.1 (NCI3d) — covenant not to compete — summary judgment improper**

Summary judgment for plaintiff declaring invalid a covenant not to compete was improper where plaintiff's evidence was that he was hired on 1 July 1985 with no discussion of a covenant not to compete; plaintiff was given no increase in pay or benefits or any other form of consideration when he signed the covenant on 31 July 1985; and defendant's forecast tended to show that plaintiff was hired on "prediscussed terms," including salary, benefits, and signing the covenant not to compete.

**Am Jur 2d, Master and Servant § 106.**

APPEAL by defendant from *Greenlee, Loto, Judge*. Order entered in HENDERSON County District Court 15 July 1988. Heard in the Court of Appeals 22 August 1989.

Plaintiff filed this declaratory judgment action in the District Court on 3 February 1988, alleging that an actual controversy existed between the parties and that litigation was unavoidable. The relief sought was a declaration that a covenant not to compete with defendant, his employer, was void for failure of consideration. Defendant properly answered, denying the allegations. Following discovery, plaintiff moved for summary judgment, which was granted on 15 July 1988, declaring the covenant not to compete to be void.

From this judgment, defendant has appealed.

STEVENSON v. PARSONS

[96 N.C. App. 93 (1989)]

*Hogan and Hogan, by Robert L. Hogan and Lawrence A. Hogan, for plaintiff-appellee.*

*Waymon L. Morris for defendant-appellant.*

WELLS, Judge.

Defendant brings forward two arguments: First, defendant contends that plaintiff has failed to show that an actual controversy existed between the parties and that litigation was unavoidable; and second, that there is an issue of fact as to whether the covenant not to compete was based on valuable consideration. We reject defendant's first argument, but agree with the second and therefore remand for further proceedings.

## Declaratory Judgment

[1] The authority of our courts to render a declaratory judgment in a case such as the one now before us is set forth in the provisions of the Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.* (1983).

G.S. § 1-253.

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for[.]

G.S. § 1-254.

Any person interested under a . . . written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract, . . . may have determined any question of construction or validity arising under the . . . contract . . . , and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.

G.S. § 1-264.

This [Act] is declared to be remedial, its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and it is to be liberally construed and administered.

STEVENSON v. PARSONS

[96 N.C. App. 93 (1989)]

While the statute does not expressly so provide, our Supreme Court has held on a number of occasions that courts have jurisdiction to render declaratory judgments only when it is shown that an actual controversy exists between parties having adverse interest in the matter in dispute. *See Gaston Board of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984), and cases cited therein. To satisfy the jurisdictional requirement of an actual controversy, it must appear that litigation is unavoidable. *Gaston Board, supra.*

In this case, plaintiff's complaint contains the following pertinent allegations. On 31 July 1985, plaintiff, who was then employed by defendant, entered into a covenant not to compete with defendant, the terms of which would bar plaintiff, who is a veterinarian, from competing with defendant in the practice of veterinary medicine within a radius of ten miles for a period of five years following termination of his employment with defendant. The covenant not to compete was without consideration. In June 1987, plaintiff gave notice to defendant of his intent to terminate his employment. Plaintiff intends to open a veterinary medicine clinic within ten miles of Hendersonville within the proscribed five-year period, and has entered into a contract to purchase real property on which to operate his clinic. On 11 January 1988, defendant's attorney notified plaintiff in writing that defendant would promptly initiate legal action to enforce the covenant not to compete in the event plaintiff intended to open a veterinary medicine clinic, in violation of the covenant not to compete.

At the time summary judgment was entered, defendant had, in fact, filed a complaint in the superior court asserting that Stevenson had opened a clinic in violation of the covenant not to compete. Defendant sought injunctive relief and monetary damages in her action, and, in fact, obtained a temporary injunction on 27 June 1988.

The record before the trial court and before us thus shows an actual controversy between these parties as to the validity of the covenant not to compete and that litigation was not only unavoidable but had actually begun. We therefore reject defendant's argument on this question.

*Summary Judgment*

[2] Non-competition agreements may be enforced upon a showing that the agreement is (1) in writing, (2) made part of a contract

of employment, (3) based on valuable consideration, (4) reasonable as to time and territory, and (5) not against public policy. *Whittaker General Medical Corp. v. Daniel*, 324 N.C. 523, 379 S.E.2d 824 (1989). When the employment relationship is established before the covenant not to compete is executed, there must be separate consideration to support the covenant, such as a pay raise or other employment benefits or advantages for the employee. *See Whittaker General, supra* and cases cited therein. On this issue, the forecast of evidence before the trial court was in conflict.

Plaintiff's forecast tended to show that at the time he began his employment with defendant on 1 July 1985, there had been no discussion between him and defendant about a covenant not to compete, and that at the time plaintiff signed the covenant on 31 July 1985 he was given no increase in pay or benefits, or any other form of consideration.

On the other hand, defendant's forecast tends to show that plaintiff was hired by her on "prediscussed terms," including salary, benefits, and signing the covenant not to compete.

Defendant's position is therefore that plaintiff, having agreed at the time of his employment to enter into such a covenant, his initial employment was the consideration supporting the covenant. In *Robbins and Weill, Inc. v. Mason*, 70 N.C. App. 537, 320 S.E.2d 693, *disc. rev. denied*, 312 N.C. 495, 322 S.E.2d 559 (1984), we recognized an agreement not to compete entered into at the time of employment *as a part of the employment contract* (emphasis supplied) was supported by valuable consideration, although the written covenant not to compete was executed later. We hasten to point out, however, that our reading of *Robbins and Weill* persuades us that the terms of such an oral covenant later executed in writing must have been agreed upon at the time of employment in order for the latter written covenant to be enforceable.

Summary judgment is appropriate only where the materials before the trial court show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *See* N.C. Gen. Stat. § 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure. There being a genuine issue in this case as to whether the covenant not to compete between the parties was supported by valuable consideration, summary judg-

ment was improvidently entered and this case must be remanded for appropriate further proceedings.[1]

Reversed and remanded.

Judges PHILLIPS and PARKER concur.

_____

1. We note that the record filed here shows that on 15 June 1988, defendant in this case filed a Rule 42(a) motion to consolidate this case with her action against plaintiff in this case now pending in the superior court. Such consolidation appears to us to be appropriate.