ROBIN H. WENDELL AND WIFE, BARBARA K. WENDELL, & ROBERT B. VOITLE AND WIFE, DOROTHY M. VOITLE, PLAINTIFFS v. WILLIAM F. LONG AND WIFE, BEVERLY W. LONG, & INVESTORS TITLE INSURANCE COMPANY, DEFENDANTS

No. 9115SC452

(Filed 21 July 1992)

**Declaratory Judgment Actions § 15 (NCI4th) — intent to violate restrictive covenants — no justiciable controversy**
   Plaintiffs' complaint failed to allege a justiciable controversy sufficient to give the court jurisdiction under the Declaratory Judgment Act where they alleged that defendants divided a subdivision lot into two lots and filed a plat showing a "pro-

posed house site" on the western portion, that there is an existing dwelling on the eastern portion, and that defendants "intend to violate" the restrictive covenants applicable to their property by building a second dwelling thereon.

**Am Jur 2d, Declaratory Judgments §§ 25 et seq.**

**Supreme Court's view as to what is a "case or controversy" within the meaning of Article III of the Federal Constitution or an "actual controversy" within the meaning of the Declaratory Judgment Act. 40 L. Ed. 2d 783.**

Judge WALKER dissenting.

APPEAL by defendants from *Battle (F. Gordon), Judge*. Judgment entered 23 January 1991 in Superior Court, ORANGE County. Heard in the Court of Appeals 11 March 1992.

This is an action brought pursuant to the Declaratory Judgment Act, G.S. 1-253 *et seq.*, by plaintiffs, who are record owners of certain lots within the Rocky Ridge subdivision in Chapel Hill, North Carolina, "to enforce the restrictive covenants of the subdivision."

In their complaint, plaintiffs allege the following:

7. That Defendants were the owners of all of Lot 56, Rocky Ridge, and that in December 1988, Defendants subdivided Lot 56 into two (2) lots, this subdivision being platted and recorded in Book 51, page 157, Orange County Registry.

8. That the existing dwelling on Lot 56 is entirely on the eastern tract, designated as "Lot 1" on the aforesaid plat, which has been conveyed to a third party, David G. Martin, Jr.

9. That the western tract designated as "Lot 2" of the subdivision of Lot 56, Rocky Ridge, Plat Book 51, page 157, Orange County Registry, shows the location of a "proposed house site."

10. That the construction of a second house on Lot 56, Rocky Ridge, is a violation of the Restrictive Covenants of the Rocky Ridge Development.

16. That Defendants intend to violate the Restrictive Covenants applicable to Lot 56 and all of the subdivision known

as Rocky Ridge Development by proposing to build or allow to be built a second dwelling on Lot 56.

Plaintiffs prayed that the court declare the restrictive covenants contained in the deeds to be valid and "order that neither Defendants, nor any subsequent owner of Lot 56, . . . in Rocky Ridge Development, build more than one dwelling house on such lot . . . ." A trial was held before the judge on 31 December 1990, and Judge Battle entered a judgment on 23 January 1991 making findings of fact and conclusions of law and ordering that ". . . not more than one dwelling house may be erected on Lot 56 . . . and Defendants and subsequent owners of Lot 56 are prohibited from building more than one dwelling house thereon." Defendants appealed.

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by Jo Ann Ragazzo Woods, for plaintiff, appellees.*

*Maxwell & Hutson, P.A., by Alice Neece Moseley and Ruth A. McKinney, for defendant, appellants.*

HEDRICK, Chief Judge.

Although neither party raises the question in their briefs, we *ex mero motu* consider whether plaintiffs have alleged in their complaint an actual justiciable controversy sufficient to give the superior court jurisdiction to determine this matter pursuant to the Declaratory Judgment Act.

The authority of our court to render declaratory judgments is set forth in G.S. 1-253 which provides in part:

> Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed . . . .

Although not expressly provided by statute, courts have jurisdiction to render declaratory judgments only when the complaint demonstrates the existence of an actual controversy. *N.C. Farm Bureau Mut. Ins. Co. v. Warren*, 89 N.C. App. 148, 365 S.E.2d 216, *disc. review denied*, 322 N.C. 481, 370 S.E.2d 226 (1988); *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25 (1986); *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984). To satisfy the jurisdictional requirement of an actual controversy, it must be shown in the complaint that litigation ap-

WENDELL v. LONG

[107 N.C. App. 80 (1992)]

pears unavoidable. *N.C. Farm Bureau, supra; Gaston Bd. of Realtors, supra.* Mere apprehension or the mere threat of an action or suit is not enough. *Gaston Bd. of Realtors, supra.*

In the present case, plaintiffs' complaint affirmatively demonstrates that there is no actual controversy existing between the parties. In paragraph 9 of the complaint, plaintiffs, allege that a "proposed house site" is noted on the Plat Book description of defendants' property. They further allege in paragraph 16, that defendants, "intend to violate" the restrictive covenants applicable to their property. Plaintiffs do not allege that defendants have acted in violation of these covenants, but that they anticipate some future action to be taken by defendants which would result in a violation. "The courts of this state do not issue anticipatory judgments resolving controversies that have not arisen." *Bland v. City of Wilmington*, 10 N.C. App. 163, 164, 178 S.E.2d 25, 26 (1970), *rev'd on other grounds*, 278 N.C. 657, 180 S.E.2d 813 (1971).

Therefore, the superior court did not have jurisdiction to render a declaratory judgment in the present case. The judgment of the trial court is vacated, and the matter is remanded for entry of an order dismissing the action.

Vacated and remanded.

Judge ORR concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

G.S. 1-254 of the Declaratory Judgment Act provides:

Any person interested under a deed, will, written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.

Although the majority does not refer to this statute, I believe it is applicable to the facts of the case before us. I therefore respectfully dissent from the holding of the majority opinion which concludes that this action is interlocutory on the ground that there

is no justiciable controversy and which fails to recognize the pertinence of this statute.

Clearly, a justiciable controversy must exist in order to invoke the provisions of the Declaratory Judgment Act. *City of New Bern v. New Bern-Craven County Board of Education*, 328 N.C. 557, 402 S.E.2d 623 (1991); *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25 (1986). A justiciable controversy exists where there is an actual controversy between parties having adverse interests in the matter in dispute. *Stevenson v. Parsons*, 96 N.C.App. 93, 384 S.E.2d 291 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). This requirement has been interpreted to mean that litigation must appear unavoidable. *City of New Bern* at 560, 402 S.E.2d at 625; *Sharpe v. Park Newspapers of Lumberton, supra.* It is not necessary, however, for plaintiff to allege or prove that a traditional cause of action exists. *Id. See also Town of Emerald Isle v. State of North Carolina*, 320 N.C. 640, 360 S.E.2d 756 (1987).

In *Sharpe v. Park Newspapers of Lumberton, supra*, plaintiffs sought a declaratory judgment to determine the validity of anti-competitive provisions in a promissory note executed by defendant and accepted by plaintiffs for the sale of a newspaper. In determining whether a justiciable controversy existed so that a declaratory judgment action was proper, the Supreme Court noted that the only evidence regarding plaintiffs' intentions to compete with defendant consisted of plaintiffs' amended complaint and answers to interrogatories. The Court determined that no justiciable controversy existed because there was "no evidence of a *practical certainty* that the plaintiffs will compete with the defendant . . . or that they have the *intention* of doing so if the provisions in the note are declared invalid." *Id.* at 590, 347 S.E.2d at 32. (Emphasis added). This language was derived from *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 451, 206 S.E.2d 178, 189, *reh'g denied*, 286 N.C. 547, --- S.E.2d --- (1974), *quoting* Borchard, *Declaratory Judgments* (2d ed. 1941) at page 60, in which it was asserted:

> The imminence and *practical certainty* of the act or event in issue, or the *intent*, capacity, and power to perform, create justiciability as clearly as the completed act or event, and is generally easily distinguishable from remote, *contingent*, and uncertain events that may never happen and upon which

it would be improper to pass as operative facts. (Emphasis changed).

The Court in *Sharpe* determined that the facts of that case did not cross the requisite threshold between a mere disagreement as to rights and an actual controversy. It was noted that plaintiffs had not competed with defendant in the area covered by the notes nor was it reasonably certain that plaintiffs intended to compete with defendants since plaintiffs merely expressed intentions to "explore the feasibility" or to "ascertain opportunities" for activities covered by the provisions. The Court also remarked that many factors including plaintiffs' health and financial ability, availability of personnel and public demand affected whether plaintiffs would actually engage in competitive activity.

Contrary to *Sharpe*, but according to the test set forth in *North Carolina Consumers Power*, I believe the facts of the instant case indicate "the imminence and practical certainty" that defendants will violate the restrictive covenants applicable to their property. Plaintiffs' complaint alleges that "[d]efendants intend to violate the Restrictive Covenants applicable to Lot 56 and all of the subdivision known as Rocky Ridge Development by proposing to build or allow to be built a second dwelling on Lot 56." Defendants answered admitting that it was their intention to sell Lot 2 of the subdivision of Lot 56 but denying all other allegations. The parties stipulated in the pre-trial order and the trial court found as fact:

> 8. In December 1988, Defendants William F. Long and Beverly W. Long recorded a plat subdividing Lot 56, Rocky Ridge Development into two lots, said plat being recorded in plat Book 51, at Page 157, Orange County Registry.

> 9. An existing dwelling house is on Lot 56, Rocky Ridge Development and is located on Lot 1 of the subdivision of Lot 56 in plat Book 51, at Page 157.

> 10. On Lot 2 of the subdivision of Lot 56 Rocky Ridge Development shown on plat Book 51, at Page 157, Orange County Registry, is a square with a notation "proposed house site."

> 11. In February 1990, Defendants William F. Long and wife, Beverly W. Long, sold Lot 2 of the subdivision of Lot 56 Rocky Ridge Development to Investors Title Insurance

Company by Deed located in Deed Book 839, at Page 274, Orange County Registry.

The trial court then concluded:

> 6. Construction of a second dwelling house on Lot 56, Rocky Ridge Development as originally constituted is a violation of the valid and enforceable restrictive covenant.

It is my opinion that these facts and subsequent conclusion by the trial court evidence a practical certainty that defendants will build a second dwelling house on Lot 56 or that they manifest the intent of doing so if their property is not subject to the restrictive covenants. See *Sharpe v. Park Newspapers of Lumberton, supra.* Even though a permit has not yet been applied for and construction has not yet begun, Lot 56 has been subdivided, each subdivided lot is held by a different record owner, a dwelling house already exists on subdivision 1 of Lot 56, and subdivision 2 of Lot 56 appears in the Orange County Registry with the notation "proposed house site." From these affirmative actions one can reasonably conclude that defendant purchased this lot to build a dwelling house on subdivision 2 of Lot 56. The plaintiffs should not be required to wait until defendants have prepared a building plan, obtained a building permit and begun construction before obtaining a restraining order which would establish a "justiciable controversy." Thus, I conclude that a justiciable controversy exists and a declaratory judgment may be sought pursuant to G.S. 1-254 to determine the validity and enforceability of the restrictive covenants.

I also take exception to that portion of the majority opinion which states that "plaintiffs" complaint affirmatively demonstrates that there is no actual controversy existing between the parties," and which appears to be predominantly based on the ground that "[p]laintiffs *do not allege* that defendants have acted in violation of these covenants, but that they anticipate some future action to be taken by defendants which would result in a violation." (Emphasis added). In *Sharpe* our Supreme Court upheld as an accurate statement of the law, consistent with G.S. 1-254, language in *Carolina Power and Light Co. v. Iseley*, 203 N.C. 811, 820, 167 S.E.2d 56, 61 (1933), which stated that "[i]t is not required for purposes of jurisdiction that the plaintiff shall allege or show that his rights have been invaded or violated by the defendants, or that the defendants have incurred liability to him, prior to the commencement

of the action." When seeking a declaratory judgment, especially where G.S. 1-254 is at issue, plaintiffs are not required to plead that defendants have violated the covenants. It is sufficient for plaintiffs to allege that defendants intend to violate the restrictive covenants. *See Sharpe v. Park Newspapers of Lumberton, supra.* In *Newman Machine Co. v. Newman,* 2 N.C.App. 491, 494, 163 S.E.2d 279, 282 (1968), *rev'd on other grounds,* 275 N.C. 189, 166 S.E.2d 63 (1969), this Court has previously stated that:

> The essential distinction between an action for declaratory judgment and the usual action is that no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action.

It is my view, therefore, that the majority considered plaintiffs' complaint under the erroneous assumption that a justiciable controversy cannot exist where the complaint only asserts an "intent" to violate the restrictive covenants.

Furthermore, after having reviewed the record, I find that the trial court's findings of fact are supported by competent evidence and are consequently binding on appeal. *See Blackwell v. Butts,* 278 N.C. 615, 180 S.E.2d 835 (1971). Thus, I would affirm the trial court's judgment that Lot 56 is subject to a valid and enforceable restrictive covenant and that defendants and subsequent owners of the lot are prohibited from building more than one dwelling house thereon.