**TOWN OF PINE KNOLL SHORES v. CAROLINA WATER SERVICE**

[128 N.C. App. 321 (1998)]

TOWN OF PINE KNOLL SHORES, ROBERT F. GALLO, DAVID E. HASULAK, MARY I. KANYHA C. REESE MUSGRAVE, EVAN C. RODERICK, AND RICHARD H. SCHULTZ, APPELLEES v. CAROLINA WATER SERVICE, INC. OF NORTH CAROLINA, APPELLANT

No. COA97-138

(Filed 6 January 1998)

**Declaratory Judgment Actions § 7 (NCI4th)— town water system—proposed construction—actual controversy required**

The trial court lacked jurisdiction under the Declaratory Judgment Act to enter a judgment in an action to determine whether an agreement giving defendant the exclusive right to provide water to certain land was enforceable because the alleged controversy between the parties was based solely on the Town's proposed construction of a water system. An actual controversy between the parties is a jurisdictional requirement.

Appeal by defendant Carolina Water Service, Inc. of North Carolina, from judgment entered 31 October 1996 by Judge James E. Ragan, III, in Carteret County Superior Court. Heard in the Court of Appeals 7 October 1997.

*Hunton & Williams, by Edward S. Finley, Jr., and Smith, Helms, Mulliss & Moore, by James G. Exum, Jr., for defendant-appellant.*

*Kirkman & Whitford, by Kenneth M. Kirkman, for plaintiffs-appellees.*

*Carolinas Chapter of the National Association of Water Companies (Amicus Curiae), by William E. Grantmyre.*

WYNN, Judge.

An actual controversy between the parties must exist at the time the complaint is filed in order for the court to have jurisdiction to render a declaratory judgment. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 584-85, 347 S.E.2d 25, 29 (1986). Because there is no actual controversy involved in this case, we vacate the judgment of the trial court.

On 20 September 1995, the Town of Pine Knoll Shores and six individuals who owned property within the town brought an action

for declaratory judgment against Carolina Water Service, Inc. of North Carolina ("Carolina Water"). The plaintiffs sought a declaration that a 1966 agreement that entitled Carolina Water to the exclusive right to provide water to their land was no longer enforceable. After a trial on stipulated facts, the trial court entered a judgment declaring that the 1966 agreement "is no longer enforceable by Defendant [Carolina Water] or its successors in interest and is not binding upon Plaintiffs." Carolina Water appeals from this judgment, arguing that the trial court erred by finding the agreement unenforceable. We do not, however, consider the parties' arguments because we hold that the trial court did not have jurisdiction to render a declaratory judgment.

Pine Knoll Shores brought this action under North Carolina's version of the Uniform Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 to 1-267 (1996). N.C. Gen. Stat. § 1-253 provides that North Carolina courts "shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." N.C. Gen. Stat. § 1-254 provides:

> Any person interested under a deed, will, written contract or other writings constituting a contract, . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.

"Although the North Carolina Declaratory Judgment Act does not state specifically that an actual controversy between the parties is a jurisdictional prerequisite to an action thereunder, our case law does impose such a requirement." *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 583, 347 S.E.2d 25, 29 (1986).

In *Wendell v. Long*, 107 N.C. App. 80, 81, 418 S.E.2d 825, 825 (1992), the plaintiffs were property owners in a residential subdivision. They brought an action under the Declaratory Judgment Act asking for a declaration that restrictive covenants in the deeds of their neighbors were valid and would prohibit the defendants' proposed construction project. *Id.* at 81-82, 418 S.E.2d at 825. We held that there was no actual controversy between the parties that would satisfy the jurisdictional requirement, because the plaintiffs' complaint did not "allege that defendants have acted in violation of these covenants, but [rather] that they anticipate some future action to be

taken by defendants which would result in a violation." *Id.* at 83, 418 S.E.2d at 826. The case was vacated and remanded for an order dismissing the action because of the lack of jurisdiction. *Id.*

In the present case, Pine Knoll Shores alleged in its complaint that "[t]he Town is the owner of certain real property located within the corporate boundaries of Pine Knoll Shores upon which it *proposes* to construct a water system for purposes of providing potable water to the residents of the Town of Pine Knoll Shores." (emphasis added). Thus, as of the filing of the complaint in this case, the alleged controversy between the parties was based solely on proposed action. Since our courts do not render advisory opinions, and in light of *Wendell*, we must vacate the judgment of the trial court and remand this matter for entry of an order dismissing the action.

Vacated and remanded.

Judges WALKER and SMITH concur.