STATE ex rel. UTILS. COMM'N v. CAROLINA WATER SERV., INC.

[149 N.C. App. 656 (2002)]

STATE OF NORTH CAROLINA EX. REL UTILITIES COMMISSION; PUBLIC
    STAFF—NORTH CAROLINA UTILITIES COMMISSION; AND ROY COOPER,
    ATTORNEY GENERAL—NORTH CAROLINA DEPARTMENT OF JUSTICE,
    Petitioners v. CAROLINA WATER SERVICE, INC. OF NORTH CAROLINA, AND
    CWS SYSTEMS, INC., Respondents

No. COA01-402

(Filed 2 April 2002)

## Utilities— water service—exclusive provisions—no actual controversy

The Utilities Commission lacked jurisdiction to consider the abrogation or modification of exclusive water service provisions in contracts between a water utility and four subdivision developers where the Public Staff petitioned the Commission for a ruling on whether the provisions were contrary to the public interest, but no municipality or party potentially adverse to the rights of respondent utility complained of the provisions. There is no actual controversy ripe for review by the Commission; however, contractual provisions offending the public policy or public welfare of the state will not be enforced by the courts.

Appeal by respondent from order entered 6 November 2000 by the North Carolina Utilities Commission. Heard in the Court of Appeals 31 January 2002.

*North Carolina Utilities Commission—Public Staff, by James D. Little and Kendrick C. Fentress, for petitioner-appellee.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Margaret A. Force, for intervenor-appellee.*

*Hunton & Williams, by Edward S. Finley, Jr., for respondent-appellant.*

SMITH, Judge.

Between 10 November 1998 and 11 February 1999, respondent Carolina Water Service, Inc., (hereinafter "Carolina Water"), entered into agreements with four real estate developers to provide water service to four new subdivisions in Pender and New Hanover Counties which were adjacent to subdivisions already receiving water service from Carolina Water. The developers contracted to convey the new water mains and meters in the subdivisions to Carolina

STATE ex rel. UTILS. COMM'N v. CAROLINA WATER SERV., INC.

[149 N.C. App. 656 (2002)]

Water. In return Carolina Water agreed to connect these water mains to its existing water mains and systems and to provide public utility water service in these new subdivisions. Relevant to this appeal, the contract also granted to Carolina Water an exclusive right to provide water service to these new subdivisions:

> Developer agrees to take water utility service solely from Utility for a period of not less than twenty-five years from the date of this agreement. Said service obligation shall be binding on successors and assigns and by recordation of this agreement will be a covenant running with the land within Property.

The Public Staff of the North Carolina Utilities Commission reviewed the notification of intent of Carolina Water to begin water service in these subdivisions and petitioned the Commission to hold the exclusive service provisions in the contracts unenforceable as contrary to public policy and the public interest. On 6 November 2000, the Utilities Commission held that the contracts violated the public policy of this State and the public interest and ordered the offending provisions deleted from the agreements. Carolina Water appeals.

---

Carolina Water contends the Commission erred in failing to grant its request in its response to the petition for a ruling that the Public Staff's request was premature because the agreements had not caused injury. Carolina Water thus contends the Commission was without jurisdiction to consider the abrogation or modification of the exclusive service provisions. This argument has merit.

First, we recognize that the North Carolina Utilities Commission is vested with authority to "regulate public utilities generally, their rates, services and operations." N.C. Gen. Stat. § 62-2(b). This authority includes "the prerogative to recognize private agreements that may have been entered into between parties with respect to the operation of a public utility, as such agreements may be 'in the interest of the public.' " *Matter of Application by C & P Enterprises, Inc.*, 126 N.C. App. 495, 499, 486 S.E.2d 223, 226, *disc. review denied*, 347 N.C. 136, 492 S.E.2d 36 (1997) (citations omitted). Nevertheless, "the Commission is not required to recognize these private agreements and such contracts are subject to modification or abrogation upon a showing that the contracts do not serve the public welfare." *Id.*

Notwithstanding this authority, neither the Utilities Commission nor the appellate courts of this State have the jurisdiction to review a matter which does not involve an actual controversy. *State ex rel.*

*Util. Comm'n. v. Public Staff*, 123 N.C. App. 43, 472 S.E.2d 193 (1996); *Funk v. Masten*, 121 N.C. App. 364, 465 S.E.2d 322 (1996). The Uniform Declaratory Judgment Act, G.S. § 1-253 through 1-267, permits the courts to review certain disputes at an *earlier stage* than was normally permitted at common law. *Lide v. Mears*, 231 N.C. 111, 56 S.E.2d 404 (1949). Nevertheless, the Act

> preserves inviolate the ancient and sound juridic concept that the inherent function of judicial tribunals is to adjudicate genuine controversies between antagonistic litigants with respect to their rights, status, or other legal relations. This being so, an action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute.

*Id.* at 118, 56 S.E.2d at 409. In actions involving a request for a declaratory judgment, our Supreme Court "has required that an actual controversy exist both at the time of the filing of the pleading and at the time of hearing." *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 585, 347 S.E.2d 25, 30 (1986) (citation omitted). In addition, our "courts have jurisdiction to render declaratory judgments only when the complaint demonstrates the existence of an actual controversy." *Wendell v. Long*, 107 N.C. App. 80, 82-83, 418 S.E.2d 825, 826 (1992) (citations omitted).

> To satisfy the jurisdictional requirement of an actual controversy, it must be shown in the complaint that litigation appears unavoidable. Mere apprehension or the mere threat of an action or suit is not enough.

*Id.* (citations omitted). Importantly, "[t]he courts of this state do not issue anticipatory judgments resolving controversies that have not arisen." *Bland v. City of Wilmington*, 10 N.C. App. 163, 164, 178 S.E.2d 25, 26 (1970), *rev'd on other grounds*, 278 N.C. 657, 180 S.E.2d 813 (1971). In *Town of Pine Knoll Shores v. Carolina Water Service*, 128 N.C. App. 321, 494 S.E.2d 618 (1998), this Court dismissed the Town's complaint seeking relief from similar covenants granting Carolina Water an exclusive right to provide water service. The Town proposed to construct a new water system for an area serviced by Carolina Water, but had not yet begun construction on the competing system. *Id.* We held that "[s]ince our courts do not render advisory opinions," the judgment must be vacated and the case remanded for an entry of an order dismissing the action. *Id.* at 323, 494 S.E.2d at 619.

STATE ex rel. UTILS. COMM'N v. CAROLINA WATER SERV., INC.

[149 N.C. App. 656 (2002)]

In the present case, there is no actual controversy ripe for review by the Utilities Commission. The Public Staff of the North Carolina Utilities Commission petitioned the Commission for a ruling on whether the exclusive water service provisions in the contracts between Carolina Water and the four developers were contrary to the public interest. The Commission concluded that it was authorized to review the contract provisions "pursuant to several provisions of Chapter 62." However, neither the Public Staff, the Utilities Commission, nor the Attorney General as intervenor in this case has presented evidence of any justiciable controversy which would warrant review of the contracts by the Commission. Although this Court has recently stated that provisions which grant exclusive water service rights in perpetuity are against the public policy of this State, *Carolina Water Service, Inc. of North Carolina v. Town of Pine Knoll Shores*, 145 N.C. App. 686, 551 S.E.2d 558 (2001), in the instant case, neither a municipality nor a party potentially adverse to the rights of Carolina Water has complained of the provisions. Pursuant to G.S. § 62-94(b), when reviewing decisions of the Utilities Commission, this Court is authorized to

> affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:
>
> > (2) In excess of statutory authority or jurisdiction of the Commission . . . .

Accordingly, we are bound to vacate the decision of the Utilities Commission in this case for lack of jurisdiction and remand to the Commission with instructions to dismiss the Public Staff's challenge to the exclusive water service provisions because there is no justiciable or actual controversy between the parties.

Finally, we point out that the Commission ordered the provisions in the service agreements removed from the agreements because they were found to be contrary to the public interest. When certain provisions of a contract violate the public policy of the state, however, those provisions will not be enforced by the courts. *Mazda Motors of America v. Southwestern Motors, Inc.*, 36 N.C. App. 1, 243 S.E.2d 793 (1978), *reversed in part on other grounds*, 296 N.C. 357, 250 S.E.2d 250 (1979); *C. O. Gore v. George J. Ball, Inc.*, 279 N.C. 192, 203, 182 S.E.2d 389, 395 (1971) ("A provision in a contract which is against

public policy will not be enforced."). Thus, if the Commission is correct in its determination that the provisions offend the public policy or public welfare of the state, such provisions will not be enforced by our courts.

Vacated and remanded with instructions.

Judges TIMMONS-GOODSON and BRYANT concur.