Danielson v. Veritext Corp. Servs. Inc., 2016 NCBC 81.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| JOHNSTON COUNTY | 16 CVS 1393 |

CRYSTAL DANIELSON, )
                         )
         Plaintiff, )
                         )
     v.                  )
                         )
VERITEXT CORPORATE SERVICES, )
INC., )
                         )
        Defendant. )
                         )

**ORDER AND OPINION ON DEFENDANT'S MOTION TO DISMISS**

1. **THIS MATTER** is before the Court upon Defendant Veritext Corporate Services, Inc.'s ("Veritext") Motion to Dismiss (the "Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)") filed on June 10, 2016 in the above-captioned case. For the reasons discussed below, the Court hereby **GRANTS** the Motion and **DISMISSES** Plaintiff Crystal Danielson's ("Danielson") claims with prejudice.

> *The Armstrong Law Firm, P.A., by L. Lamar Armstrong and Daniel K. Keeney, for Plaintiff.*

> *Ogletree, Deakins, Nash, Smoke & Stewart, P.C., by Robert A. Sar and Brodie D. Erwin, for Defendant.*

Robinson, Judge.

## I. INTRODUCTION

2. This lawsuit arises out of a dispute over court reporter fees that Veritext charged Danielson for in prior litigation between Danielson and a third party. Veritext was engaged by the third party in the prior litigation to take and transcribe

Danielson's deposition testimony. Under Rule 30(f)(2), Veritext was required to furnish a copy of the deposition to Danielson "[u]pon payment of reasonable charges therefor." N.C. Gen. Stat. § 1A-1, Rule 30(f)(2). Danielson's attorneys requested a copy of the transcript of Danielson's deposition. Veritext invoiced Danielson's attorneys for $736.40 for the certified transcript and associated costs.

3. After Danielson's attorneys paid the invoice in total, allegedly under protest, Danielson filed this lawsuit, seeking a declaratory judgment that (1) Veritext was obligated, pursuant to Rule 30, to provide a copy of Danielson's transcript to her for "reasonable charges"; (2) "reasonable charges," as used in Rule 30, means only the administrative expense associated with making and providing the transcript copy; (3) Veritext was not entitled to assert an ownership interest in the transcript whereby it could sell the transcript for a profit; and (4) Veritext violated these obligations by charging Danielson $736.40 for the transcript. Danielson also asserts a claim against Veritext for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1.

4. Because the Court determines that there is no justiciable controversy, the Court concludes that Danielson is not entitled to a declaratory judgment. Further, because Veritext's conduct as alleged by Danielson does not constitute an unfair or deceptive act or practice, the Court concludes that Danielson has failed to state a valid claim for violation of section 75-1.1. Accordingly, the Court concludes that Veritext's Motion should be granted, and Danielson's claims dismissed.

## II.    PROCEDURAL HISTORY

5.    Danielson initiated this action on May 10, 2016 by filing a Complaint in Johnston County Superior Court.

6.    On June 10, 2016, Veritext filed a Notice of Designation of Mandatory Complex Business Case.  That same day, the case was designated as a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina.

7.    Also on June 10, 2016, Veritext filed the Motion.

8.    Danielson timely filed an opposition to designation on June 21, 2016, opposing designation because the lawsuit did not involve a material issue regarding the ownership or use of intellectual property within the ambit of N.C. Gen. Stat. § 7A-45.4(a)(5).

9.    This action was assigned to the undersigned by order dated July 6, 2016.

10.    On August 16, 2016, Chief Business Court Judge Gale entered an order overruling Danielson's opposition to designation, concluding that, although Danielson "asserts no direct copyright claim, . . . she does ask the Court to declare that [Veritext] has no ownership or copyright rights, and [Veritext] has, at least indirectly, asserted such rights.  Therefore, the Complaint and its attached exhibits reveal a material issue within the ambit of Section 45.4(a)(5)."  (Order on Opp. 3.)

11.    Briefing on the Motion was completed, and the Court held a hearing on the Motion on October 4, 2016.  The Motion is now ripe for resolution.

### III. FACTUAL BACKGROUND

12. The Court does not make findings of fact on motions to dismiss under Rule 12(b)(6), but only recites those facts included in the Complaint that are relevant to the Court's determination of the Motion. *See, e.g., Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986).

13. Danielson is a resident of Johnston County, North Carolina. (Compl. ¶ 1.)

14. Veritext is a foreign corporation with its principal place of business in New Jersey. (Compl. ¶ 2.) Veritext provides court reporting services for depositions and other court proceedings by hiring independent contractors to appear at the deposition, and take and transcribe the testimony. (Compl. ¶ 5.)

15. Danielson was involved in prior litigation in Johnston County Superior Court, *Danielson v. Braswell Custom Construction*, 14 CVS 3831 (the "Braswell Litigation"). The defendants in the Braswell Litigation noticed Danielson's deposition for January 21, 2016, and contracted with Veritext to provide court reporting services for the deposition. (Compl. ¶ 4.) Veritext arranged for a local court reporter to appear at Danielson's deposition, and to take and transcribe her testimony. (Compl. ¶ 10.)

16. Danielson alleges that, as the court reporter providing the original transcript, the opportunity for Danielson to review the transcript, and a copy of the transcript to Danielson's attorneys, as well as charging for that copy under Rule 30, Veritext was acting as an officer of the court. (Compl. ¶ 15.)

17. Danielson alleges that Veritext has no copyright or any other ownership interest or property right in Danielson's deposition transcript. (Compl. ¶¶ 18–19.) Nonetheless, Danielson claims that Veritext treated Danielson's transcript as a product Veritext owned and for which it was entitled to make a profit on the sale of a copy to Danielson in an amount it unilaterally determined. (Compl. ¶ 22.)

18. On February 2, 2016, Veritext invoiced Danielson for $736.40. (Compl. Ex. 2.) This price included the following:

- A 209 page certified transcript at $2.75 per page;

- 9 pages of color exhibits at $2.00 per page;

- 111 pages of exhibits at $0.65 per page;

- A litigation package for $42.00; and

- $29.50 for shipping and handling.

However, in post-invoice negotiations, Veritext offered to reduce the original price of $736.40 by $123.75, for a new total of $612.65. (Compl. Ex. 1.)

19. Nonetheless, on April 22, 2016, and even though Veritext offered to accept a lesser amount, Danielson's attorneys paid the full original amount of $736.40. (Compl. Ex. 2.) The check from Danielson's attorneys to Veritext contained the note "paid under protest." (Compl. Ex. 2.)

20. A few days later, Danielson filed this action.

## IV.    LEGAL STANDARD

21. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court reviews the allegations of the Complaint in the light most favorable to Danielson.

The Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The Court construes the Complaint liberally and accepts all allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009).

22. Dismissal of a claim pursuant to Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985); *see also Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986). Otherwise, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted).

23. The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005). The Court can also ignore a party's legal conclusions set forth in its pleading. *McCrann v. Pinehurst, LLC*, 225 N.C. App. 368, 377, 737 S.E.2d 771, 777 (2013).

24.    The Court may consider documents attached to the pleadings without converting the Motion under Rule 12(b)(6) into a motion for summary judgment under Rule 56. *See, e.g.*, *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). Moreover, a "trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint." *Id.*

## V.    ANALYSIS

25.    Danielson asserts two claims against Veritext: (1) declaratory judgment, and (2) unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1.

### A.    Declaratory Judgment

26.    Danielson seeks a declaratory judgment that: (1) Veritext was obligated, pursuant to Rule 30, to provide Danielson's transcript to her for "reasonable charges"; (2) "reasonable charges," as used in Rule 30, means the administrative expense associated with providing the transcript; (3) Veritext was not entitled to assert an ownership interest in the transcript whereby it could sell the transcript for a profit; and (4) Veritext violated these obligations by charging Danielson $736.40 for the transcript.

27.    Under the Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 through 1-267, a court has the power to "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." N.C. Gen. Stat. § 1-254 expressly provides that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of

construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."

28. However, "courts have jurisdiction to render declaratory judgments only when the complaint demonstrates the existence of an actual controversy." *Wendell v. Long*, 107 N.C. App. 80, 82, 418 S.E.2d 825, 826 (1992); *see also State ex rel. Hunt v. N.C. Reinsurance Facility*, 49 N.C. App. 206, 213, 271 S.E.2d 302, 305 (1980), *rev'd on other grounds*, 302 N.C. 274, 275 S.E.2d 399 (1981) ("The touchstone of the [Uniform Declaratory Judgment Act] is the presence of a justiciable controversy, where the pleadings demonstrate a real controversy and the need for a declaration of rights.").

29. "To satisfy the jurisdictional requirement of an actual controversy, it must be shown in the complaint that litigation appears unavoidable." *State ex rel. Utils. Comm'n v. Carolina Water Serv.*, 149 N.C. App. 656, 658, 562 S.E.2d 60, 62 (2002). Moreover, "the courts of this state do not issue anticipatory judgments resolving controversies that have not arisen." *Id.* at 658, 562 S.E.2d at 63. "When the record shows that there is no basis for declaratory relief, or the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under . . . Rule 12(b)(6) will be granted." *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234–35, 316 S.E.2d 59, 62 (1984).

30. Rule 30 provides that "[u]pon payment of reasonable charges therefor, the person administering the oath shall furnish a copy of the deposition to any party or to the deponent." N.C. Gen. Stat. § 1A-1, Rule 30(f)(2). Rule 30 does not define what

constitutes "reasonable charges." Danielson seeks to have the Court, through this declaratory judgment action, rather than in the Braswell Litigation, where this dispute arose, interpret "reasonable charges" to mean the out-of-pocket expenses and administrative expense associated with providing Danielson a copy of the transcript, and further that Veritext holds no ownership interest in the transcript.

31.     Even assuming that Danielson's contentions are correct—that "reasonable charges" in Rule 30 means no more than actual out-of-pocket costs and administrative expense, and that Veritext holds no copyright or other ownership interest in the transcript—and the Court were to so hold, it is unclear where such a holding would leave Danielson. As the Court will explain, Veritext's conduct here does not constitute a violation of N.C. Gen. Stat. § 75-1.1. Nor does it appear that such conduct would somehow morph into a violation of section 75-1.1 if it were deemed to be a violation of Rule 30.

32.     Moreover, North Carolina "case law generally holds that a statute allows for a private cause of action only where the legislature has expressly provided a private cause of action within the statute." *Lea v. Grier*, 156 N.C. App. 503, 508, 577 S.E.2d 411, 415 (2003). Neither Rule 30, nor any other Rule, provides a private cause of action for its violation. It appears that Danielson's correct (and only proper) remedy is to move the trial court in the Braswell Litigation (which Danielson's counsel indicated at the hearing is still pending) for repayment of the portion of the fee Danielson allegedly paid in protest. The trial court in the Braswell Litigation may

then properly determine whether the amount charged is a "reasonable charge" under Rule 30.

33. The Court recognizes that Danielson's desire for clarity regarding the interpretation of "reasonable charges" in Rule 30 is a legitimate one. Nonetheless, without the presence of an actual controversy, this Court has no jurisdiction to render, under the guise of the Declaratory Judgment Act, what would in essence be an advisory opinion on Rule 30's meaning.

34. For these reasons, the Court determines that Danielson has not alleged sufficient facts to show that there is an actual controversy between the parties that is appropriate for the Court's declaratory judgment. Accordingly, the Court concludes that Veritext's Motion with respect to this claim should be granted.

35. The Court expressly notes that, although Danielson's claims are being dismissed with prejudice, the Court's ruling should not preclude Danielson from seeking appropriate relief from the trial court in the Braswell Litigation because this Court is not deciding the issue of whether the price Veritext charged Danielson for a copy of her deposition transcript is in violation of Rule 30. *See State by New Bern Child Support Agency v. Lewis*, 311 N.C. 727, 731, 319 S.E.2d 145, 148 (1984) (for a party to be collaterally estopped from relitigating an issue, the issue must necessarily have been determined previously).

B. Unfair and Deceptive Trade Practices

36. N.C. Gen. Stat. § 75-1.1 declares unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting

commerce." Thus, in order to state a claim under section 75-1.1, Danielson must allege that (1) Veritext "committed an unfair or deceptive act or practice," (2) the unfair or deceptive act or practice was "in or affecting commerce," and (3) Veritext's "act proximately caused injury" to Danielson. *Bumpers v. Cmty. Bank of N. Va.*, 367 N.C. 81, 88, 747 S.E.2d 220, 226 (2013) (quoting *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001)).

37. The only element at issue here is whether Veritext committed an unfair or deceptive act or practice. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. [A] practice is deceptive if it has the capacity or tendency to deceive." *Walker v. Fleetwood Homes of N.C., Inc.*, 362 N.C. 63, 72, 653 S.E.2d 393, 399 (2007) (internal citation omitted). "The determination of whether an act or practice is an unfair or deceptive practice that violates N.C.G.S. § 75-1.1 is a question of law for the court." *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000).

38. Danielson alleges, in relevant part, that:

- Veritext's acts, as an officer of the court, were a "gross violation" of its duties under Rule 30, (Compl. ¶ 29); and

- "[b]y assuming an ownership right . . . in a transcript for which it was already paid, in full, and then selling the transcript for a price it set based on profit rather than reimbursement of expense as mandated by Rule 30, Veritext was inequitably leveraging its position and power in

an unfair, deceptive, oppressive, and substantially injurious manner to force [Danielson] to pay more than what she owed," (Compl. ¶ 30). Thus, Danielson's central contention is that Veritext charging $736.40 for Danielson's deposition transcript copy, and then offering to reduce that charge by $123.75, was such an inequitable leveraging of Veritext's position of power as to be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Veritext argues in response that, ignoring the legal conclusions in her complaint, Danielson has failed to allege a single act that constitutes actual unfairness or deception in violation of section 75-1.1.

39. North Carolina courts have held that "[i]f a party engages in conduct that results in an inequitable assertion of his power or position, he has committed an unfair act or practice" under section 75-1.1. *Johnson v. Beverly-Hanks & Assoc., Inc.*, 328 N.C. 202, 208, 400 S.E.2d 38, 42 (1991) (affirming grant of motion for summary judgment where plaintiff failed to show any unfair or deceptive conduct). Danielson specifically cites *Faucette v. 6303 Carmel Rd., LLC*, 775 S.E.2d 316, 324 (N.C. Ct. App. 2015) for this proposition.

40. *Faucette*, however, is inapplicable here. In that case, the Court of Appeals held that defendants converted plaintiff's funds by refusing to turn the funds over to plaintiff. This conversion, the court held, constituted an abuse of defendants' position of power. *Id.* at 324. Here, in contrast, there is no allegation of conversion. Danielson does not allege that Veritext has used its alleged position of power to wrongfully withhold funds that Danielson is legally owed. Thus, the Court of Appeals' conclusion

in *Faucette* that defendants' conduct there was unfair or deceptive within the meaning of section 75-1.1 is inapposite.

41. There are simply no allegations of fact that support the legal conclusion that Veritext "inequitably leverage[ed] its position and power in an unfair, deceptive, oppressive, and substantially injurious manner to force [Danielson] to pay more than what she owed." *See Estate of Vaughn v. Pike Elec., LLC*, 230 N.C. App. 485, 493, 751 S.E.2d 227, 233 (2013) (in considering a Rule 12(b)(6) motion, "the court is not . . . required to accept mere conclusory allegations, unwarranted deductions of fact, or unreasonable inferences as true"). Danielson does not allege, for example, that she took any steps to obtain a transcription of her deposition through any method other than through Veritext, who was hired by the third party in the Braswell Litigation. Nor does Danielson allege that she, or her counsel, made any efforts prior to the deposition to determine who would be serving as the certified verbatim reporter at the deposition or how much a copy of the deposition would cost. There are no allegations of misrepresentation; Veritext's invoice clearly spells out all of the charges. There is not even an allegation that Veritext's fee is higher than that charged by other court reporters performing similar services.

42. Even accepting Danielson's allegations in her Complaint as true, the Court cannot conclude that Veritext's conduct here constituted an "inequitable assertion of power" in violation of section 75-1.1. Accordingly, the Court concludes that Danielson has failed to state a claim for unfair and deceptive trade practices in violation of N.C.

Gen. Stat. § 75-1.1 and that Veritext's Motion with respect to this claim should be granted.

## VI. CONCLUSION

43. In sum, Danielson has failed to allege a basis for this Court to declare the parties' legal rights with regard to a dispute that arose during completely separate, and ongoing, litigation. If Danielson is entitled to any remedy, it is in the litigation in which this dispute arose, not through this separate declaratory judgment action. Thus, for the foregoing reasons, the Court hereby **GRANTS** the Motion and **DISMISSES** Danielson's claims with prejudice.

**SO ORDERED**, this the 28th day of October, 2016.


/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases