I concur fully in the majority's decision but write separately to add that I believe that there was no justiciable controversy raised by plaintiff's Form 33 or otherwise, and this case should have been dismissed for that reason.
The Commission generally has jurisdiction to determine all questions raised under the Workers' Compensation Act. Willey v. WilliamsonProduce, 149 N.C. App. 74, 562 S.E.2d 1 (2002). Like the courts, however, its jurisdiction should be limited to resolving actual controversies, i.e., those actions presenting a "justiciable controversy." See Tryon v. Power Co., 222 N.C. 200, 22 S.E.2d 450, 453
(1942) (no jurisdiction for "purely advisory opinion"); HarleysvilleMut. Ins. Co. v. Narron, ___ N.C. App. ___, 574 S.E.2d 490 (2002); Stateex rel. Utilities Commission v. Carolina Water Service, Inc., ___ N.C. App. ___, 562 S.E.2d 60 (2002).
The Commission should not be hearing cases upon filing of a Form 33 without first addressing whether benefits are actually in dispute and whether the issues need to be resolved. Because of the budgetary crisis and limited administrative funds, the Commission should closely exercise the doctrine of judicial economy and decline to expend administrative resources when the dispute between the parties will not change the benefits that plaintiff is entitled to receive and defendant is required to pay.
In this case, plaintiff is receiving weekly indemnity benefits under Forms 60 and 62. Defendant has not suspended benefits and is not seeking to suspend or terminate benefits. Plaintiff is not contending that she is entitled to additional benefits. There currently is no controversy that requires the resources of the Commission to resolve. The academic inquiry of whether plaintiff should receive her benefits by means of a Form 21, rather than a Form 60, does not change the essential fact that neither party has asserted that plaintiff is not receiving the benefits to which she is entitled or that defendant is paying benefits that plaintiff is not entitled to receive. Absent a showing that there is a legitimate dispute as to entitlement to a benefit provided under the Workers' Compensation Act, I would find that jurisdiction has not been invoked.
When initially presented with a claim, Deputy Commissioners and Special Deputy Commissioners should ask: (1) what benefits are at issue, and (2) how, if at all, will resolution of the issues change the benefits that plaintiff is entitled to receive? Total disability benefits are the same, whether they are paid under a Form 21, Form 60, or a Form 62. Absent an agreement of the parties, these benefits accrue and are paid weekly. Therefore, whether the benefits may be terminated in the future, i.e., whether they are temporary or permanent, does not present a justiciable controversy.[Note 1] There is no justiciable controversy until the issue of suspension or termination of the benefits actually arises.
For these reasons, in addition to those expressed in the majority opinion, I agree that this action should be dismissed.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
 NOTE
1. In many cases, the cited issue is whether the plaintiff is totally and permanently disabled when there is no dispute between the parties that the plaintiff is currently entitled to continuing total disability benefits. In some of these cases, there is no justiciable controversy to be resolved. When a plaintiff is receiving the benefits due, there is no justiciable controversy to justify a determination that the total disability is permanent. Further, any attempt to "crystal ball" the future does not appear to be relevant for benefits that accrue and are paid weekly. See Tyron v. Power Co., 222 N.C. 200, 22 S.E.2d 450 (1942) (no jurisdiction for advisory opinion). In other cases, the real issue is whether defendant is unreasonably attempting to require plaintiff to comply with vocational actions. In this latter circumstance, the issue to be litigated is whether vocational rehabilitation is reasonable, not whether plaintiff is "permanently and totally" disabled.